STATE of Wisconsin, Plaintiff-Appellant,

**v.**

JOERNS FURNITURE COMPANY, INC.,
Defendant-Respondent.†

Court of Appeals

*No. 81–2480. Submitted on briefs April 27, 1983.—*
*Decided July 26, 1983.*
(Also reported in 338 N.W.2d 331.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *Shari Eggleson,* assistant attorney general.

For the defendant-respondent the cause was submitted on the briefs of *Daniel G. Golden* and *Anderson, Fisher, Shannon, O'Brien & Rice* of Plover.

Before Gartzke, P.J., Dykman, J. and W.L. Jackman, Reserve Judge.

GARTZKE, P.J.   The state appeals from a judgment dismissing its complaint against Joerns Furniture. The

complaint charged Joerns with violating sec. NR 151.03, Wis. Admin. Code 1981,[1] by disposing of solid waste at an unlicensed solid waste disposal facility. The state sought a forfeiture and other relief. The trial court held that because Joerns turned its hazardous wastes over to a solid waste collecting and transporting service licensed by the DNR, Joerns did not improperly dispose of those wastes under sec. NR 151.03.[2] We reverse.

The facts are uncontroverted on appeal. In November 1980 a DNR forest ranger found barrels of lacquer and paint thinner in a field belonging to Bob Wanta. Leonard Firkus and Art Wanta had hauled the barrels marked "flammable" from Joerns Furniture to the Wanta property in 1977. Bob Wanta does not hold a license to operate a solid waste disposal facility. Firkus held a DNR license to haul garbage, wood matter and non-combustible material, but not "chemical wastes" or "flammable materials." Art Wanta holds no DNR license. Joerns' wastes contain several toxic and highly flammable substances. Joerns' management did not know where the barrels were taken.

---

[1] Chapter NR 151, Wis. Admin. Code 1981, was repealed in July 1981 and replaced by ch. NR 181, Wis. Admin. Code. Wis. Admin. Reg. No. 307, July 1981. The change was effective August 1, 1981. Sec. 227.026(1), Stats. Section NR 151.03, Wis. Admin. Code 1981, provides in material part:

All solid waste shall be . . . disposed of . . . in a manner consistent with requirements of this chapter. The owner or occupant of any premises, business establishment or industry shall be responsible for the satisfactory storage, collection and transportation of all solid waste accumulated at that premises, business establishment or industry, to a department licensed solid waste disposal operation in accordance with the provisions of this chapter, unless arrangements for such purposes have been made with a collecting and transporting service holding a license from the department.

[2] The state does not argue that the trial court erred in dismissing the complaint as to the alleged violations of sec. 144.76(3), Stats.

The case was tried to a jury. At the close of the state's case, Joerns moved for a directed verdict on grounds that under sec. NR 151.03, Wis. Admin. Code 1981, Joerns was relieved of its responsibility for the storage, collection and transportation of its hazardous wastes after having arranged for their disposal with Firkus, "a collecting and transporting service holding a license from the department." The court found that the material was in closed containers and that Joerns had no reason to believe it was not being properly disposed of by Firkus. The court concluded that under those circumstances, Joerns could not be held liable for the forfeiture as a matter of law.

Sections NR 151.03 and 151.08 (4) (b), Wis. Admin. Code 1981, were promulgated under sec. 144.43, Stats. 1973.[3] A person violating an administrative rule promulgated under ch. 144, Stats., is liable for a forfeiture of not less than $10 nor more than $5000 for each day of a violation. Sec. 144.99, Stats. Conduct punishable only by a forfeiture is not a crime. Sec. 939.12, Stats. The rules of civil procedure apply to forfeiture actions. *Neenah v. Alsteen*, 30 Wis. 2d 596, 601, 142 N.W.2d 232, 236 (1966).

The proper motion attacking the sufficiency of the evidence at the close of the plaintiffs' case is to dismiss. *Christianson v. Downs,* 90 Wis. 2d 332, 334, 279 N.W.2d 918, 919 (1979). That defendant misdesignated its motion as one for a directed verdict is immaterial. Under sec. 805.14 (2) (b), Stats., if a party mistakenly designates a motion to dismiss as a motion for a directed verdict, "the court shall treat the motion as if there had been a proper designation."

---

[3] Section 144.43, Stats. 1973, was amended by sec. 1, ch. 83, Laws of 1975, amended and renumbered sec. 144.43 (1), Stats., by sec. 11, ch. 377, Laws of 1977, and later amended and renumbered sec. 144.435, Stats., by sec. 984rb, ch. 34, Laws of 1979.

Our analysis is the same as the trial court's. *Household Utilities, Inc. v. Andrews Co.*, 71 Wis. 2d 17, 23, 236 N.W.2d 663, 666 (1976). A motion to dismiss must be denied unless no jury could disagree on the facts or the inferences to be drawn from the facts and no credible evidence exists to support a verdict for the plaintiff. 71 Wis. 2d at 24, 236 N.W.2d at 667.

Because the trial court's conclusion that Joerns could not be liable is based on undisputed facts, the conclusion is one of law. *Compton v. Shopko Stores, Inc.*, 93 Wis. 2d 613, 616, 287 N.W.2d 720, 721 (1980). We are not bound by the trial court's conclusions of law. *Ritchie v. Clappier*, 109 Wis. 2d 399, 403, 326 N.W.2d 131, 133 (Ct. App. 1982).

### 1. *Solid Waste*

Chapter NR 151, Wis. Admin. Code 1981, is entitled "Solid Waste Management." We ordered additional briefing on whether sec. NR 151.03, Wis. Admin. Code 1981, applies to liquid wastes stored in solid containers. We conclude that Joerns' liquid wastes, lacquers and paint thinners, held in solid containers are "solid waste" under ch. NR 151, Wis. Admin. Code 1981.

Section NR 151.02(17), Wis. Admin. Code 1981, defines "solid waste" as "garbage, refuse and all other discarded or salvageable solid materials, including solid waste materials resulting from industrial, commercial, and agricultural operations, and from domestic use and public service activities, but does not include solids or dissolved material in waste water effluents or other common water pollutants."

Section NR 151.02(23), Wis. Admin. Code 1981, defines "toxic or hazardous wastes" as *"solid wastes* such as pesticides, acids, caustics, pathological wastes, radioactive materials, flammable or explosive materials, and

similar chemicals and harmful wastes which require special handling and disposal to protect and conserve the environment." (Emphasis added.)

We construe administrative rules and regulations in the same manner as statutes. *Law Enforce. Stds. Bd. v. Lyndon Station*, 101 Wis. 2d 472, 489, 305 N.W.2d 89, 97 (1981). The aim is to determine the intent of the agency which adopted the rule. *McGarrity v. Welch Plumbing Co.*, 104 Wis. 2d 414, 425, 312 N.W.2d 37, 42 (1981).

We undertake statutory construction only if a statute is ambiguous. *Kollasch v. Adamany*, 104 Wis. 2d 552, 563, 313 N.W.2d 47, 52 (1981). A statute is ambiguous if well-informed individuals could understand the statute in different ways. *Hurst v. State*, 72 Wis. 2d 188, 195, 240 N.W.2d 392, 397 (1976).

Because it does not expressly refer to liquid wastes, sec. NR 151.02(17), Wis. Admin. Code 1981, standing alone, is ambiguous as to whether "solid waste" includes liquid wastes in solid containers. Like statutes, administrative rules dealing with the same subject matter must be harmonized, if possible. *City of Hartford v. Godfrey*, 92 Wis. 2d 815, 818, 286 N.W.2d 10, 12 (Ct. App. 1979). Section NR 151.02(23), Wis. Admin. Code 1981, defining hazardous and toxic wastes, refers to such wastes as "solid wastes." "Solid wastes" that are "toxic or hazardous" under subsec. (23) include pesticides, chemicals, acids, caustics, and other materials which frequently exist as liquids. "Solid waste" under subsec. 17 includes all solid wastes except "solids or dissolved material in waste water effluents or other common water pollutants." Reading these subsections together, we conclude that the agency intended "solid waste" to encompass liquid hazardous and toxic wastes in closed containers.

## 2. *Licensed Transporting Service Exception*

The state contends that Joerns violated sec. NR 151.03, Wis. Admin. Code 1981, because Firkus, its collecting and transporting service, failed to comply with sec. NR 151.-08(4)(b), Wis. Admin. Code 1981, which provides:

(4) Any person who maintains or operates a collection and transportation service shall maintain and operate the service in conformance with the following practices:

. . . .

(b) Toxic or hazardous waste shall be transported only by services authorized to accept such waste and shall be transported only to disposal operations licensed by the department to accept such waste.

The state presented evidence which could support a jury finding that the lacquers and paint thinners were toxic or hazardous wastes accumulated by Joerns at its business premises under sec. NR 151.03, Wis. Admin. Code 1981. It is undisputed that under sec. NR 151.08 (4)(b), Wis. Admin. Code 1981, Firkus was not authorized to transport toxic or hazardous materials and that the wastes were not transported to a licensed disposal operation.

Because Firkus was "a collecting and transporting service holding a license from the department", Joerns asserts that, as a matter of law, by turning the wastes over to Firkus it was relieved of its responsibility to transport and dispose of its wastes in compliance with ch. NR 151, Wis. Admin. Code 1981. The state argues that ch. NR 151, Wis. Admin. Code 1981, imposes "cradle to grave" responsibility on the generator of toxic wastes for their storage, handling, transportation and disposal and that, pursuant to this duty, Joerns must have determined whether Firkus was licensed specifically to collect and transport hazardous materials. The state contends that Joerns is relieved of its responsibilities only if its

collection and transportation service was actually licensed to handle the particular wastes.

The court must give the words of an unambiguous statute their ordinary and accepted meanings. *DNR v. Wisconsin Power & Light Co.,* 108 Wis. 2d 403, 408, 321 N.W.2d 286, 288 (1982). Section NR 151.03, Wis. Admin. Code 1981, unambiguously provides that an owner or occupant is responsible for the transportation of its wastes "to a department licensed solid waste disposal operation in accordance with the provisions of this chapter . . . ." The owner or occupant is relieved of that responsibility only if *"arrangements for such purposes* have been made with a collecting and transporting service holding a license from the department." (Emphasis added.) To make "arrangements for such purposes" plainly requires the owner or occupant to make arrangements for the disposal of the wastes in accordance with the provisions of ch. NR 151, Wis. Admin. Code 1981.

Turning its wastes over to a transporting and disposal service holding any license from the department, regardless of the license terms, does not constitute sufficient "arrangements" for disposal of the wastes in accordance with ch. NR 151, Wis. Admin. Code 1981. To arrange for waste disposal in accordance with that chapter requires that the transportation and disposal arrangements be in accordance with other specific provisions of ch. NR 151, Wis. Admin. Code 1981, including sec. NR 151.08 (4) (b), Wis. Admin. Code 1981, which requires that toxic or hazardous wastes "be transported only by services authorized to accept such waste . . . ." Because Firkus was not licensed to transport toxic or hazardous wastes, Joerns' arrangements with Firkus for disposing of its wastes violated sec. NR 151.08 (4) (b), Wis. Admin. Code 1981. Its arrangements with Firkus were therefore

not in accordance with ch. NR 151, Wis. Admin. Code 1981, and do not relieve it of liability for the proper disposal of those wastes under sec. NR 151.03, Wis. Admin. Code 1981.

The court erred in determining that Joerns was relieved of liability under sec. NR 151.03, Wis. Admin. Code 1981, by virtue of its arrangements with Firkus for disposing of the wastes. We therefore reverse the trial court's judgment dismissing the complaint.

*By the Court.*—Judgment reversed and the matter remanded for further proceedings.