Mike and Anita PAULIK, Plaintiffs-Appellants,†

v.

Howard N. COOMBS, Defendant-Respondent.

Court of Appeals

*No. 84–002. Submitted on briefs June 18, 1984.—*
*Decided August 1, 1984.*
(Also reported in 355 N.W.2d 357.)

† Petition to review dismissed.

For the appellants, the cause was submitted on the briefs of *Eugene G. Williams,* of *Williams, Yana & King,* of Oshkosh.

For the respondent, the cause was submitted on the brief of *Lawrence J. Landwehr,* of *Chaney, Steinhilber & Nesbitt,* of Oshkosh.

For the Department of Justice, an amicus curiae brief was submitted by *Bronson C. La Follette,* attorney general, and *Mark E. Smith,* assistant attorney general.

Before Scott, C.J., Nettesheim and Decker, JJ.

SCOTT, C.J.  This is a landlord-tenant case involving: (1) a violation of the Wisconsin Administrative Code, sec. Ag 134.06, return of security deposit by a landlord, and (2) damages to the premises and a violation of sec. 704.19(3), Stats., notice prior to termination of the lease by the tenant. The issue presented concerns the appropriateness of and the manner of calculating damages, costs and attorneys fees under sec. 100.20(5), Stats.[1]  In order to resolve these matters, the case was ordered decided by a three-judge panel pursuant to Rule 809.41(2) and (3), Stats.[2] We now hold that a plaintiff-tenant who prevails in an action for a violation of an order issued under sec. 100.20 is entitled to reasonable attorneys fees irrespective of the amount of damages a landlord may recover in a counterclaim against the tenant. We also hold that a landlord who fails to comply with orders issued under sec. 100.20 is not estopped thereby from asserting and litigating a counterclaim for other violations of the statutes and/or damages to the premises by the tenant.

---

[1] Section 100.20(5), Stats., provides that:

Any person suffering pecuniary loss because of a violation by any other person of any order issued under this section may sue for damages therefor in any court of competent jurisdiction and shall recover twice the amount of such pecuniary loss, together with costs, including a reasonable attorney's fee.

[2] By invitation of this court, the Attorney General has filed an amicus curiae brief in this case.

The Pauliks rented a house from Coombs on a month-to-month basis. On May 5 or 6, 1983, the Pauliks gave notice to Coombs of their intention to vacate the premises at the end of the month. Coombs did not return the Pauliks' $165 security deposit nor provide them with a written reason for withholding it within the twenty-one days notice requirement of Wis. Adm. Code, sec. Ag 134.06(2) and (4).[3] As a result, the Pauliks brought a small claims action against Coombs requesting double damages in the amount of $330 plus costs, interest and reasonable attorneys fees pursuant to sec. 100.20(5), Stats. At trial, the Pauliks reduced their claim for the security deposit to $100, conceding that they were responsible for a water bill and a broken window amounting to $65 in damages.

In his answer, Coombs admitted to not returning the security deposit within twenty-one days. He also counterclaimed for one month's rent of $175 due to the Pauliks' lack of proper notice of termination of tenancy under sec. 704.19(3), Stats.,[4] and for costs of repair to the

---

[3] Wisconsin Administrative Code, sec. Ag 134.06 provides in relevant part:

(2) RETURN OF SECURITY DEPOSITS. The landlord shall, within 21 days after surrender of the premises, return all security deposits less any amounts withheld by the landlord. Deposits shall be returned in person, or by mail to the last known address of the tenant.

. . . .

(4) SECURITY DEPOSIT WITHHOLDING; STATEMENT OF CLAIMS. (a) If any portion of a security deposit is withheld by a landlord, the landlord shall, within the time period and in the manner specified under sub. (2), deliver or mail to the tenant a written statement accounting for all amounts withheld. The statement shall describe each item of physical damages or other claim made against the security deposit, and the amount withheld as reasonable compensation for each item or claim.

[4] Section 704.19(3), Stats., provides:

LENGTH OF NOTICE. At least 28 days' notice must be given except in the following cases: If rent is payable on a basis

premises over and above normal wear and tear in the amount of $1,935. At trial, Coombs reduced the amount of his counterclaim to $430.10 ($175 for one month's rent and $255.10 for damages to the property).

In the judgment, the trial court awarded double damages under sec. 100.20(5), Stats., to the Pauliks based on Coombs' admitted violation of the security deposit regulations. The court also found that Coombs had proven by clear and convincing evidence physical damages to the premises beyond normal wear and tear in the amount of $255.10. The court further found that the Pauliks' notice of termination of tenancy violated sec. 704.19(3), Stats., and accordingly awarded Coombs $175 for the loss of June's rent. From this total award to Coombs of $430.10, the court offset $265 for the security deposit improperly withheld from the Pauliks. (The court arrived at the $265 offset amount by doubling the Pauliks' $165 security deposit and then deducting $65 worth of conceded damages.) These calculations resulted in a total damages figure of $165.10 due to Coombs. To this the trial court added $10 for statutory attorneys fees.

The Pauliks' attorney then requested that reasonable attorneys fees in the amount of $250 be awarded to the Pauliks pursuant to sec. 100.20(5), Stats. The trial court denied this request concluding that Coombs, not the Pauliks, was the prevailing party in the lawsuit. The Pauliks appeal from the judgment maintaining that the trial court erred when it failed to award attorneys fees. They contend the denial of attorneys fees based on the trial court's determination that the landlord-defendant was the "prevailing" party in the lawsuit does not comport with the intent of sec. 100.20(5). We agree.

less than monthly, notice at least equal to the rent-paying period is sufficient; all agricultural tenancies from year-to-year require at least 90 days' notice.

The specific issue before us—whether a tenant is entitled to reasonable attorneys fees incurred in successfully bringing an action for violation of orders and regulations issued under sec. 100.20, Stats., where the landlord has successfully counterclaimed for damages in excess of those awarded to the tenant—has not been determined before.

While the specific issue here is one of first impression, we do acknowledge and rely on the rationale and policy discussion set out in *Shands v. Castrovinci,* 115 Wis. 2d 352, 340 N.W.2d 506 (1983). In *Shands,* the court held that a tenant who suffered pecuniary loss because of a violation of the regulations set forth under Wis. Adm. Code, ch. Ag 134 could recover reasonable attorneys fees incurred on appeal in attacking or defending a trial court's decision in the suit. *Id.* at 359, 340 N.W.2d at 509. However, there was no dispute in *Shands* as to who was the prevailing party because the trial court denied the landlord's counterclaim for damages.

Section 100.20(1), Stats., provides that, "[m]ethods of competition in business and trade practices in business shall be fair. Unfair methods of competition in business and unfair trade practices in business are hereby prohibited." The Department of Agriculture, Trade and Consumer Protection is authorized under sec. 100.20 (2) to "issue general orders forbidding methods of competition in business or trade practices in business which are determined by the department to be unfair." The rules and regulations governing the rights and duties of landlords and tenants set forth under Wis. Adm. Code, ch. Ag 134 were promulgated under the authority of sec. 100.20(2). Under sec. 100.20(5), a person who suffers damages because of a violation of the promulgated regulations, including Wis. Adm. Code, ch. Ag 134, has

a right to recover twice the amount of pecuniary loss, together with costs, including reasonable attorneys fees.

The parties here agree that the landlord violated the provisions of Wis. Adm. Code, sec. Ag 134.06(2) and (4). Therefore, the provisions of sec. 100.20(5), Stats., apply. In *Shands,* the court determined that the use of the word "shall" in sec. 100.20(5) indicated that the award of attorneys fees for prevailing tenants was mandatory. *Shands,* 115 Wis. 2d at 357, 340 N.W.2d at 508–09.

In this case, the trial court denied the Pauliks' request for attorneys fees concluding that under the statute they were not the prevailing party because Coombs had received a proportionately larger damages award under his counterclaim. We believe the trial court misinterpreted the legislative intent behind sec. 100.20(5), Stats.

Because statutory construction and interpretation involve questions of law, we need not give special weight to the trial court's determination. *Behnke v. Behnke,* 103 Wis. 2d 449, 452, 309 N.W.2d 21, 22 (Ct. App. 1981). In interpreting statutes, we are guided by the principle that the primary purpose of all statutory construction is to determine the legislative intent. *Green Bay Packaging, Inc. v. DILHR,* 72 Wis. 2d 26, 35, 240 N.W.2d 422, 428 (1976). We ascertain the legislative intent from the statute's language in relation to its context, subject matter, history, scope and objective. *State ex rel. First National Bank & Trust Co. v. Skow,* 91 Wis. 2d 773, 779, 284 N.W.2d 74, 77 (1979).

In *Shands,* the court delineated a number of purposes and policy interests behind sec. 100.20(5), Stats., including: (1) the recovery of double damages and at-

torneys fees provides tenants with an incentive to bring legal actions to enforce rights under the administrative regulations; (2) actions brought by tenants serve not only to enforce their individual rights but also act as a "private attorney general" to enforce the aggregate rights of the public; (3) tenants' suits deter impermissible conduct and thereby strengthen the bargaining power of tenants in dealing with landlords, and (4) because the sheer number of violations prevent the Department of Justice from proceeding against all violators, private tenant actions provide an important backup to the state's enforcement powers under sec. 100.20. *Shands*, 115 Wis. 2d at 358–59, 340 N.W.2d at 509. Just as the *Shands* court found these purposes and policies supportive of awarding a tenant attorneys fees for cases requiring appellate review, so too we find they justify entitling tenants to attorneys fees in situations like the one before us.

These policy considerations justify the conclusion that the only requirement necessary for the tenant to be awarded attorneys fees is that he prevail on his *claim* for double damages under sec. 100.20(5), Stats. To require the tenant to also prevail on any claims brought by the landlord over and above the tenant's damages claim would undercut the purpose of this statute—that landlords comply with the relevant administrative orders enacted to regulate landlord-tenant relationships, in this case, the failure to comply with the security deposit provisions of Wis. Adm. Code, sec. Ag 134.06(2) and (4). Accordingly, we hold that a tenant who prevails on a claim for double damages under sec. 100.20(5) is entitled to reasonable attorneys fees even if he does not prevail on counterclaims for damages brought by the landlord. Therefore, we remand the case to the trial court for a determination of reasonable attorneys fees

incurred by the Pauliks in bringing this action for Coombs' violation of the security deposit provisions.[5]

The Pauliks and the Attorney General also argue on appeal that Coombs should be estopped from bringing his counterclaim because of the violation of Wis. Adm. Code, sec. Ag 134.06(2) and (4). In the alternative, the Pauliks assert the trial court miscalculated the damages amount awarded to each party resulting in an excessive damages award for Coombs.

We reject the estoppel argument, finding that the policies and purposes behind sec. 100.20, Stats., and the regulations promulgated thereunder do not support or require this extreme sanction. Furthermore, while the legislature did specifically provide under sec. 100.20(5) for double damages, costs and reasonable attorneys fees as a means of deterring landlords from violations of the administrative regulations, it did not include estoppel of all counterclaims as an available sanction under this section. Estoppel would also unjustifiably preclude landlords from asserting their own legitimate rights against tenants who violate rules and regulations pertinent to landlord-tenant relations. Therefore, we hold that a violation by a landlord of regulations and orders issued under sec. 100.20 does not estop a landlord from counterclaiming for damages suffered as a result of statutory violations and/or damages to the premises by the tenants.

In this case, the trial court, after concluding that Coombs had violated the security deposit regulations under Wis. Adm. Code, sec. Ag 134.06(2) and (4), also

---

[5] With respect to the awarding of attorneys fees, we expressly point out that the trial court should conduct a hearing to determine a reasonable fee incurred by the Pauliks in bringing their claim for double damages. The determination of attorneys fees under sec. 100.20(5), Stats., however, should not include those incurred in defending against Coombs' counterclaim.

found that the Pauliks had provided an improper notice of termination of tenancy in violation of sec. 704.19 (3), Stats., and had caused damage to the premises in excess of normal wear and tear. Accordingly, it awarded Coombs $175 for the loss of June's rent and $255.10 for damages to the property. Both of these findings are supported by the evidence and are not clearly erroneous. Sec. 805.17 (2), Stats.

However, it appears the trial court erred in the actual calculation of damages awarded to each party. In order to provide a guide for future cases, we set out the method of calculating damages a trial court should follow when offsetting a damages award for a violation of sec. 100.20, Stats., against an award for a successful counterclaim brought by a landlord.

In its decision, the trial court here correctly concluded that Coombs' violation of the security deposit provisions resulted in the Pauliks' entitlement to double damages for the pecuniary loss—$165 security deposit—under sec. 100.20 (5), Stats. The court should therefore have awarded the Pauliks $330 ($165 doubled) plus costs, including reasonable attorneys fees as specified above. Having resolved the Pauliks' claim under sec. 100.20, the court should then have turned to Coombs' counterclaim. Here, the trial court, according to its findings, should have awarded $430.10 ($175 for one month's loss of rent for the violation of sec. 704.19 (3), Stats., and $255.10 for damages to the premises). This the court did. However, from the Pauliks' award of $330, the court also erroneously deducted $65 worth of damages conceded by the Pauliks for a broken window and an unpaid water bill. This $65 amount was admitted by Coombs during the trial court hearing as included in his damages claim of $255.10. Therefore, the court by deducting $65 from the Pauliks' award and awarding

Coombs the full $255.10 damages claim, in effect, assessed the Pauliks twice for the $65 damages amount conceded by the Pauliks. This was error. We therefore remand the case back to the trial court for a determination of the Pauliks' reasonable attorneys fees under sec. 100.20(5) and for a recalculation of the parties' respective damage awards consistent with this opinion.[6]

*By the Court.*—Judgment reversed and remanded.

---

[6] We recognize that the trial court originally awarded Coombs $10 in statutory attorneys fees erroneously assuming that he was the prevailing party. In light of our directions regarding determination of reasonable attorneys fees and recalculation of the parties' respective damage awards, we also direct the trial court to reconsider this assessment of statutory costs on remand.

