Erin MOONLIGHT, Special Administrator for
Owen McCusker, deceased, Plaintiff-Appellant,

v.

Jack BOYCE, Defendant-Respondent.

Court of Appeals

*No. 84–1381. Submitted on briefs April 30, 1985.—*
*Decided June 19, 1985.*
(Also reported in 372 N.W.2d 479.)

For the plaintiff-appellant, the cause was submitted on the briefs of *Earl J. Lauders,* of New London.

For the defendant-respondent, the cause was submitted on the brief of *David M. Skoglind,* of *Dempsey, Magnusen, Williamson & Lampe,* of Oshkosh.

For the Department of Justice, an amicus curiae brief was submitted by *Bronson C. La Follette,* attorney general, and *Mark E. Smith,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.    Erin Moonlight, Special Administrator for the Estate of Owen McCusker (McCusker), appeals from a judgment in the amount of $315 entered against McCusker in a landlord-tenant small claims action.

In this case, the tenant (McCusker) contends he has suffered a pecuniary loss in the amount of his security deposit under sec. 100.20(5), Stats., entitling him to recover double damages plus a reasonable attorney's fee because the landlord failed to comply with the security deposit provisions of Wis. Adm. Code, sec. Ag 134.06(2) and (4).[1] The landlord (Boyce) argues that McCusker has not suffered any pecuniary loss under sec. 100.20(5) because the amount of damages Boyce was awarded on his counterclaim for damage to the apartment exceeds the amount of the security deposit.

The issue we are asked to decide on this appeal is whether McCusker has suffered a pecuniary loss under sec. 100.20(5), Stats., when the amount of damages

---

[1] The Wis. Adm. Code, sec. Ag 134.06(2) and .(4) requires that a landlord return a tenant's security deposit or deliver a written statement accounting for all amounts withheld by the landlord within twenty-one days after the tenant surrenders the premises. Section 100.20(5), Stats., gives any person who suffers damages due to a violation of administrative regulations, including Wis. Adm. Code, ch. 134, a right to recover twice the amount of pecuniary loss, together with costs, including a reasonable attorney's fee.

awarded Boyce on his counterclaim exceeds the amount of the security deposit. We certified this question to the Wisconsin Supreme Court for its consideration, and certification was denied. The case was ordered decided by a three-judge panel pursuant to Rule 809.41(3), Stats. The Attorney General has filed an *amicus curiae* brief.

We conclude McCusker has suffered a pecuniary loss under sec. 100.20(5), Stats., in the amount of his security deposit due to Boyce's violations of the Wisconsin Administrative Code provisions. Accordingly, we reverse the judgment of the trial court and remand for a recalculation of the parties' respective damage awards and a determination of reasonable attorney's fees incurred by McCusker both in the original trial court action and on appeal. *See Paulik v. Coombs,* 120 Wis. 2d 431, 438–41, 355 N.W.2d 357, 360–62 (Ct. App. 1984); *Shands v. Castrovinci,* 115 Wis. 2d 352, 359, 340 N.W.2d 506, 509 (1983).

McCusker rented an apartment from Boyce beginning August 1982 until November 1983. McCusker signed a one-year lease from August 1982 to August 1983 and remained in possession of the premises as a month-to-month tenant for several months after the lease expired. The lease provided that a $165 security deposit paid by McCusker at the commencement of the tenancy would be held by Boyce. In a form provision, the lease further provided:[2]

Said deposit shall be refunded to Lessee in the event the premises are left in the condition called for by this lease, upon Lessee furnishing Lessor with written demand for said security deposit, which demand shall include Lessee's new address. Lessor shall furnish Lessee with writ-

[2] We note that the lease form used in this case was approved by the Wisconsin Real Estate Examining Board on October 14, 1971. The Wisconsin Real Estate Examining Board has approved lease forms since that time which reflect more recent changes in the code provisions and statutes.

ten statement of conditions causing forfeiture of all or part of security deposit within ten (10) days after Lessee vacates premises, or Lessor receives said demand, whichever shall be later, or Lessor shall be deemed to have waived any claims against security deposit.

On November 14, 1983, Boyce sent McCusker a notice to vacate the apartment by November 29, 1983 because Boyce had found the condition of the apartment to be a "total disaster." McCusker vacated the apartment within the prescribed time period.

After McCusker vacated, Boyce examined the apartment and discovered damage. As a result, Boyce did not return the $165 security deposit to McCusker, nor did he provide McCusker with a written statement of claims within the twenty-one day time period prescribed by Wis. Adm. Code, sec. Ag 134.06(2) and (4). On February 21, 1984, Boyce sent a letter to McCusker setting forth the expenses incurred due to the damage caused by McCusker.

On April 6, 1984, McCusker started this small claims action against Boyce for double the amount of his security deposit plus a reasonable attorney's fee pursuant to Wis. Adm. Code, ch. Ag 134 and sec. 100.20(5), Stats. Boyce counterclaimed for damages in the amount of $1,000, together with his costs and disbursements.

The trial court found McCusker had not sustained damages. However, it found Boyce had sustained damages on his counterclaim in an amount exceeding the $165 security deposit that he had retained. The trial court also found that McCusker had not left a forwarding address nor any directions with respect to returning his security deposit as required under the lease. Further, the trial court found that McCusker was given a statement of claims once his whereabouts were determined, although that statement was not delivered within twenty-one days after McCusker vacated the apartment.

. The trial court concluded that because McCusker had not notified Boyce as to his whereabouts as required under the lease, Boyce was excused from compliance with the requirements under the Wisconsin Administrative Code provisions for the return of McCusker's security deposit.[3] The trial court dismissed McCusker's complaint and awarded judgment to Boyce in the amount of $315— $480 damages less a credit of $165 for the security deposit.

McCusker contends he is entitled to recover double the amount of his security deposit plus reasonable attorney's fees under sec. 100.20 (5), Stats.,[4] for Boyce's failure to comply with Wis. Adm. Code, sec. Ag 134.06 (2) and (4).[5] Boyce contends he was entitled to retain McCus-

---

[3] The trial court stated:

I would refer specifically to the provision as it relates to notice and that statement admittedly was not within twenty-one days, but without an address the landlord is at a loss as to where to deliver or send, and accordingly that provision of 134.06 (4) and (5) and also (2) have not been complied with by the landlord but that is excused by the plaintiff's failure to give an appropriate forwarding address.

[4] Section 100.20 (5), Stats., provides:

Any person suffering pecuniary loss because of a violation by any other person of any order issued under this section may sue for damages therefor in any court of competent jurisdiction and shall recover twice the amount of such pecuniary loss, together with costs, including a reasonable attorney's fee.

[5] Wis. Adm. Code, sec. Ag 134.06 (2) and (4) provides:

(2) RETURN OF SECURITY DEPOSITS. The landlord shall, within 21 days after surrender of the premises, return all security deposits less any amounts withheld by the landlord. Deposits shall be returned in person, or by mail to the last known address of the tenant.

(4) SECURITY DEPOSIT WITHHOLDING; STATEMENT OF CLAIMS. (a) If any portion of a security deposit is withheld by a landlord, the landlord shall, within the time period and in the manner specified under sub. (2), deliver or mail to the tenant a written statement accounting for all amounts withheld. The statement shall describe each item of physical damages or

ker's security deposit as a result of the damage to the apartment caused by McCusker and that the trial court correctly found he could not timely send a statement of claims to McCusker because McCusker did not notify him in writing of his new address as required by the lease. Boyce also claims McCusker has not suffered pecuniary loss under sec. 100.20 (5) because the amount of damages that Boyce was awarded on his counterclaim exceeds the amount of the security deposit.

Statutory construction involves a question of law. *Behnke v. Behnke,* 103 Wis. 2d 449, 452, 309 N.W.2d 21, 22 (Ct. App. 1981). As such, this court need not defer to the conclusions of the trial court. *Id.* Administrative rules and regulations are construed in the same manner as statutes. *State v. Joerns Furniture Co.,* 114 Wis. 2d 324, 329, 338 N.W.2d 331, 333 (Ct. App. 1983). Similarly, the construction of an administrative rule or regulation presents a question of law. Accordingly, this court owes no deference to the trial court's construction of the provisions of the Wisconsin Administrative Code.

In interpreting statutes, we are guided by the principles that: (1) the aim of statutory construction is to discern the intent of the legislature, *Green Bay Packaging, Inc. v. DILHR,* 72 Wis. 2d 26, 35, 240 N.W.2d 422, 428 (1976), and (2) we will favor a construction that fulfills the purpose of the statute over a construction which defeats the manifest object of the act. *Student Association of University of Wisconsin-Milwaukee*

---

other claim made against the security deposit, and the amount withheld as reasonable compensation for each item or claim.

(b) No landlord may intentionally misrepresent or falsify any claim against a security deposit, including the cost of repairs, or withhold any portion of a security deposit pursuant to an intentionally falsified claim.

*v. Baum,* 74 Wis. 2d 283, 294–95, 246 N.W.2d 622, 627 (1976).

First, we reject Boyce's contention that he was relieved of his obligation under Wis. Adm. Code, sec. Ag 134.06(2) and (4) to return the security deposit or provide McCusker with a statement of claims because McCusker did not leave an address as required by the lease. We hold that the lease agreement provision requiring McCusker to notify Boyce of his new address in order to become entitled to the return of his security deposit was void because it violated an order issued under sec. 100.20, Stats., namely, Wis. Adm. Code, sec. Ag 134.06(2) and (4). *See Perma-Stone Corp. v. Merkel,* 255 Wis. 565, 570–71, 39 N.W.2d 730, 733 (1949).

In addition, Wis. Adm. Code, sec. Ag 134.06(3)(a) specifically provides:

Except for other reasons clearly agreed upon in writing at the time the rental agreement is entered into, other than in a form provision, security deposits may be withheld only for tenant damage, waste or neglect of the premises, or the nonpayment of . . . .

Here, the provision in the lease entitling Boyce to withhold McCusker's security deposit is a form provision as defined by Wis. Adm. Code, sec. Ag 134.02(4) and none of the circumstances that would permit withholding is present in this case. Therefore, we hold that McCusker's failure to comply with the lease form provision did not relieve Boyce of his obligation under Wis. Adm. Code, sec. Ag 134.06(2) and (4) to return the security deposit or deliver a statement of claims within the specified time period. Boyce's failure to comply with Wis. Adm. Code, sec. Ag 134.06(2) and (4) constitutes a violation of that provision. Consequently, McCusker is entitled to recover twice the amount

of his pecuniary loss, a reasonable attorney's fee and costs pursuant to sec. 100.20(5), Stats.

Next, we address the question of whether McCusker has suffered pecuniary loss under sec. 100.20(5), Stats. Recently, in *Paulik,* 120 Wis. 2d at 433, 355 N.W.2d at 358, we considered the issue of the appropriateness of and the manner of calculating damages under sec. 100.-20(5):

[A] plaintiff-tenant who prevails in an action for a violation of an order issued under sec. 100.20 is entitled to reasonable attorneys fees irrespective of the amount of damages a landlord may recover in a counterclaim against the tenant. We also hold that a landlord who fails to comply with orders issued under sec. 100.20 is not estopped thereby from asserting and litigating a counterclaim for other violations of the statutes and/or damages to the premises by the tenant.

In *Paulik,* the trial court had awarded double damages to the tenant under sec. 100.20(5) based on the landlord's *admitted* violation of the security deposit regulations in Wis. Adm. Code, sec. Ag 134.06(2) and (4). This award was not contested on appeal and thus the issue concerning the measure of the tenant's pecuniary loss under sec. 100.20(5) was never addressed. In this case, therefore, we address for the first time the threshold question of whether a tenant has suffered a pecuniary loss when the amount of damages awarded the landlord on his counterclaim exceeds the amount of the security deposit.

We now hold that once it is determined that the landlord has violated the Wisconsin Administrative Code provisions for the return of a tenant's security deposit, the tenant suffers a pecuniary loss under sec. 100.20 (5), Stats., in the amount of the security deposit *regardless of the amount of damages the landlord may*

*recover on a counterclaim.  Cf.  Huff & Morse, Inc. v.
Riordon,* 118 Wis. 2d 1, 11–12, 345 N.W.2d 504, 509
(Ct. App. 1984).  The determination as to whether a
tenant has suffered a pecuniary loss under sec. 100.20
(5) and the amount of that loss must be made prior
to and independent from any consideration of the land-
lord's counterclaim.  We believe this result is commen-
surate with the purposes of the Wisconsin Administra-
tive Code provisions, sec. 100.20(5) and the policy in-
terests discussed by the supreme court in *Shands,* 115
Wis. 2d at 358–59, 340 N.W.2d at 509.[6]  We are con-
vinced that to hold otherwise would undercut the pur-
pose of the Wisconsin Administrative Code provisions
and sec. 100.20.

Applying our analysis to this case, we conclude Mc-
Cusker has suffered a pecuniary loss in the amount of
$165.  Section 100.20(5), Stats., thus entitles him to
recover $330—twice the amount of his pecuniary loss
—together with costs and a reasonable attorney's fee.
*See Paulik* at 436–37, 355 N.W.2d at 360.

Consistent with our holding in *Paulik* that "a land-
lord who fails to comply with orders issued under sec.
100.20 is not estopped thereby from asserting and liti-

---

[6] In *Shands v. Castrovinci,* 115 Wis. 2d 352, 358, 340 N.W.2d
506, 509 (1983), the court discussed the purposes and policy in-
terests behind sec. 100.20(5), Stats., stating:

First, the recovery of double damages and attorney fees en-
courages injured tenants to bring legal actions to enforce their
rights under the administrative regulations. . . .

Second, the tenant who sues under the statute acts as a "private
attorney general" to enforce the tenants' rights set forth in the
administrative regulations. . . .

Third, tenant suits have the effect of deterring impermissible
conduct by landlords . . . . The deterrent effect of the statute
strengthens the bargaining power of tenants in dealing with
landlords.

Finally . . . private tenants actions provide a necessary backup
to the state's enforcement powers under sec. 100.20, Stats.

gating a counterclaim for other violations of the statutes and/or damages to the premises by the tenant," *id.* at 433, 355 N.W.2d at 358, the trial court found Boyce sustained damages in the amount of $480. McCusker does not contest this finding on appeal.

The trial court erroneously concluded, however, that McCusker had not sustained pecuniary loss and thus it awarded Boyce $480 less the $165 security deposit that he had retained. Because we are persuaded that McCusker has suffered a pecuniary loss under sec. 100.-20(5), Stats., in the amount of his security deposit, we remand this case to the trial court for a recalculation of the parties' respective damage awards consistent with this opinion. Additionally, because we have determined that McCusker has prevailed on his claim for double damages under sec. 100.20(5), we also remand for a determination of McCusker's reasonable attorney's fees incurred both in the original trial court litigation and on this appeal. *See Paulik* at 438–39, 355 N.W.2d at 360–61; *Shands* at 359, 340 N.W.2d at 509. We note, however, that the determination of attorney's fees should not include those attributable to defending against Boyce's counterclaim. *See Paulik* at 439 n. 5, 355 N.W.2d at 361.

*By the Court.*—Judgment reversed and cause remanded with directions.