FRED A. RISSER, Chairperson Senate Organization Committee
The Senate Organization Committee has requested an opinion interpreting the phrase "surrender of the premises" as used in the state residential rental practices general order, Wisconsin Administrative Code section Ag 134.06(2) (1990), created Feb. 1980, effective May 1, 1990. This section requires that "[t]he landlord shall, within 21 days after surrender of the premises, return all security deposits less any amounts withheld by the landlord." Your letter raises the concern that by virtue of courts interpreting the phrase to mean "vacates the premises," unfair situations have arisen. For example, you note the possibility that a tenant may move out earlier than the date specified to the landlord, who, unaware of the early move, believes that he or she has twenty-one days from the notified date to make the refund. If the phrase "surrender of the premises" is interpreted as meaning solely when the tenant physically vacates the premises, the landlord could be held liable for damages under the code, though unaware that the tenant had vacated prior to the specified date. *Page 87 
I conclude that a "surrender of the premises" occurs when a tenant physically vacates the premises, and when the landlord knows or has reason to know that fact.
Administrative rules and regulations are to be construed in the same manner as statutes. Moonlight v. Boyce, 125 Wis.2d 298,303, 372 N.W.2d 479 (Ct.App. 1985). Legislative intent is ascertained from the statute's language in relation to its context, subject matter, history, scope and objective. State exrel. First Nat. Bank Trust v. Skow, 91 Wis.2d 773, 779,284 N.W.2d 74 (1979). In addition, when interpreting statutes, nontechnical words used in a statute are to be given their ordinary and accepted meaning when not specifically defined. This meaning may be ascertained from a recognized dictionary. Id. at 781.
In interpreting the phrase "surrender of the premises," the operative term is "surrender." The word "surrender" is commonly used in landlord/tenant law in cases involving the termination of a lease prior to the expiration date originally agreed upon between the parties. When a tenant vacates the leased premises before the end of a lease term, it is said that the landlord has the choice to accept the surrender and terminate the lease, or to refuse acceptance and take possession for the purpose of mitigating the damages for which the tenant is to be held liable.First Wis. Trust Co. v. L. Wiemann Co., 93 Wis.2d 258, 271,286 N.W.2d 360 (1980). Implied acceptance of the surrender may also be found when the landlord acts in such a way that he or she unequivocally demonstrates an intent to release the defaulting tenant. For example, if the landlord takes possession of the premises for his or her own use, he or she has unequivocally demonstrated such an interest. Id. at 272. "Surrender," as used in these termination cases, is intended to be distinguished from "abandonment." According to Black's Law Dictionary "surrender" differs from "abandonment," in that "abandonment" refers to a unilateral act made by the lessee, whereas in order to show "surrender," a mutual agreement *Page 88 
between the lessor and lessee to terminate the lease must be proven. Black's Law Dictionary 1295 (5th ed. 1979).
Other jurisdictions have addressed the meaning of "surrender" in security deposit cases. Colorado's statute requires that the landlord return the security deposit within one month after the termination of the lease or surrender and acceptance of the premises. Colo. Rev. Stat. sec. 38-12-103(1) (1973). As used in this way, it is clear that the deposit must be returned either when the lease ends according to its terms or when surrender is accepted prior to its natural expiration.
I do not think the word "surrender," as used in Wisconsin Administrative Code section Ag 134.06(2) is intended to be completely analogous to the way in which the word is used in early termination cases. The return of a security deposit under Wisconsin Administrative Code section Ag 134.06(2) is not limited to early termination circumstances. In most cases security deposits are returned after the lease has expired and the tenant has vacated. A security deposit is something that a tenant is entitled to unless the landlord can provide legitimate reasons for its retention. In the context of termination cases, the word "surrender" is used to refer to a mutual agreement between the landlord and tenant to terminate the lease prior to its original agreed upon date. Because returning a security deposit is generally an act which occurs upon the normal expiration of a lease, it does not follow that the return of a security deposit is contingent upon a landlord's "acceptance" of the surrender as is the case in an early termination setting.
I have found no Wisconsin case law construing Wisconsin Administrative Code section Ag 134.06(2) to include acceptance. An unpublished court of appeals' opinion, O'Leary v. MarquetteCampus Village, 137 Wis.2d 649, 405 N.W.2d 84 (Ct.App. 1987), considered Wisconsin Administrative Code section Ag 134.06(2). In this case, a written lease was to expire on June 10, 1985. On June 6, the tenants gave a written notice that they would vacate the premises on June 8. On that date, *Page 89 
they delivered a checkout memo and the keys to Village's office. Village argued that the tenants did not surrender the premises until after it accepted the tenant's relinquishment of possession. The students did not challenge this interpretation of Wisconsin Administrative Code section Ag 134.06(2), but argued instead that Village accepted surrender on June 8 when they delivered the checkout memo. The court agreed with the students, and never addressed the question of whether "acceptance" is a necessary aspect of "surrender" under Wisconsin Administrative Code section Ag 134.06(2). It was factually clear that the landlord had actual notice on June 8 that the tenants had vacated the premises. The court of appeals noted that Wisconsin courts have not used the word surrender consistently in considering landlord-tenant cases.
Another Wisconsin Court of Appeals case included consideration of a violation of Wisconsin Administrative Code section Ag 134.06(2), but did not interpret the phrase "surrender of the premises." Moonlight, 125 Wis.2d at 301. Since the tenant vacated after notice by the landlord to do so, the surrender factually included both a vacating of the unit and knowledge by the landlord.
According to the common dictionary definition, surrender occurs when one "give[s] up the possession of something." Webster's Ninth New Collegiate Dictionary 1188 (1984). Under this definition, surrender would occur when the tenant gives up possession of the premises. The common definition includes the element of "giving up one's person or possessions into the authority of another." American Heritage Dictionary 1224 (2d College Ed. 1985). Implicit in the concept of giving up possession is the element of giving possession to another entity. Typically, the tenant removes all of his or her belongings, vacates the premises, and returns the keys to the landlord or his agent. The common definition of surrender includes the concept of yielding possession to the landlord. *Page 90 
Interpretation of an administrative rule by the promulgating agency is entitled to great weight. Beal v. First Fed. Sav. Loan Asso. of Madison, 90 Wis.2d 171, 183, 279 N.W.2d 693
(1979). The Department of Agriculture, Trade and Consumer Protection has not had occasion to formally rule upon the meaning of the term "surrender" in a contested case, but has informally indicated that its interpretation of the term couples the tenant's vacating of the premises with some knowledge of that fact by the landlord through notification or other factual information. Notice in some form by the tenant, or discovery of the fact that the premises have been vacated, would satisfy the element of knowledge by the landlord. In the most common situation, the expiration date in the lease would give reason to the landlord to know that the premises will be surrendered.
I conclude that given the common meaning of the word "surrender," the views of the promulgating agency, and the inconsistent use of the term by courts, "surrender of the premises" in Wisconsin Administrative Code section Ag 134.06(2) means that the tenant has vacated the premises with some indication of notice to the landlord or that the landlord has reason to know the rental unit has been vacated. The rule was not intended to require the landlord's "acceptance" of surrender to activate the twenty-one day return period, since then the landlord could solely control the triggering of the period by delaying "acceptance" of the surrender. To be fair to both parties, there should be some evidence that the landlord was or should have been aware that the premises have been vacated. I do not believe that this interpretation necessitates a revision or clarification of the rule.
JED:MES *Page 91