Patrick Hart, Plaintiff-Appellant,
v.
Meadows Apartments, Defendant-Respondent.
No. 03-3095.
Court of Appeals of Wisconsin.
Opinion Filed: August 4, 2004.
¶1 SNYDER, J.[1]
Patrick Hart appeals from a WIS. STAT. ch. 799 small claims judgment for $172 granted in his favor against Meadows Apartments. The court found that Meadows Apartments wrongly withheld $106 from Hart, deducted $20 for money already reimbursed to Hart, doubled the remaining amount of $86 pursuant to WIS. STAT. § 100.20(5), and granted Hart judgment for $172. Hart first contends that the trial court erred by failing to double the total amount of $106 that was withheld contrary to WIS. ADMIN. CODE § ATCP 134.06(2)(a) (2003).
¶2 The case proceeded to trial and the facts are presented in a somewhat cursory and convoluted manner.[2] Hart leased an apartment unit from Meadows Apartments for one year, vacating the unit on May 31, 2002. Meadows Apartments returned $221 of Hart's $400 security deposit, withholding $179. The trial court found that Meadows Apartments had properly withheld $73 of that amount.[3] The trial court then found that the $106 balance, consisting of a $20 key charge, $30 for carpet cleaning and $56 in late charges, was wrongfully withheld from Hart by Meadows Apartments.
¶3 Meadows Apartments does not contest the finding that $106 was wrongly withheld from Hart or that the withheld security deposit money was subject to double damages. The trial court, however, deducted the $20 key charge from that amount before the doubling calculation, resulting in judgment damages of $172 rather than $212. Hart claims error and we agree.
¶4 Hart's security deposit claim requires the interpretation of WIS. STAT. § 100.20 and WIS. ADMIN. CODE § ATCP 134.06. The interpretation of a statute presents a question of law that we review de novo. Gonzalez v. Teskey, 160 Wis. 2d 1, 7-8, 465 N.W.2d 525 (Ct. App. 1990). The construction of an administrative rule or regulation also presents a question of law that we decide without deference to the trial court. Moonlight v. Boyce, 125 Wis. 2d 298, 303, 372 N.W.2d 479 (Ct. App. 1985).
¶5 WISCONSIN STAT. § 100.20(5) provides:
Any person suffering pecuniary loss because of a violation by any other person of any order issued under this section may sue for damages therefor in any court of competent jurisdiction and shall recover twice the amount of such pecuniary loss, together with costs, including a reasonable attorney's fee.
¶6 In Shands v. Castrovinci, 115 Wis. 2d 352, 340 N.W.2d 506 (1983), our supreme court stated that "[s]ec. 100.20(5), Stats., gives any person who suffers damages because of a violation of the administrative regulations, including Ch. 134, a right to recover twice the amount of pecuniary loss, together with costs, including a reasonable attorney fee." Shands, 115 Wis. 2d at 357.
¶7 WISCONSIN ADMIN. CODE § ATCP 134.06(2)(a) relates:
Within 21 days after a tenant surrenders the rental premises, the landlord shall deliver or mail to the tenant the full amount of any security deposit held by the landlord, less any amounts properly withheld by the landlord under sub. (3).
¶8 Hart prevailed on his security deposit claim and is entitled to double damages and a determination of costs and the reasonable attorney fees that he incurred in bringing the claim. See Moonlight, 125 Wis. 2d at 307. The trial court found damages of $106. A doubling of that amount would result in total damages of $212. The trial court, however, deducted the $20 key charge because Hart conceded that the $20 had been returned to him prior to August 28, 2003, the date of the small claims trial.
¶9 It is undisputed that Hart surrendered the apartment unit to Meadows Apartments on May 31, 2002. Under WIS. ADMIN. CODE § ATCP 134.06(2)(a), Meadows Apartments had twenty-one days from the surrender date to refund the balance of Hart's security deposit. Hart filed his complaint on August 14, 2002, alleging, inter alia, that the $20 key charge amount remained outstanding. Meadows Apartments does not contest that more than twenty-one days had lapsed before it refunded the $20 key charge. We are satisfied that Meadows Apartments wrongly withheld $106 from Hart's security deposit for a period in excess of twenty-one days, a violation of § ATCP 134.06(2)(a), and that Hart is entitled to double that amount as damages.
¶10 We conclude that the judgment must reflect the wrongly withheld security deposit balance of $106, which when doubled results in a judgment of $212, less the $20 previously paid by Meadows Apartments, for a total amount due from Meadows Apartments to Hart of $192. Hart is also entitled to recover the costs and reasonable attorney fees relating to his successful prosecution of the security deposit claim. See Moonlight, 125 Wis. 2d at 307.
¶11 Hart further contends that the trial court erred in not granting a money judgment for personal property that Meadows Apartments wrongly withheld from him after he vacated the rental unit. Hart alleged in his small claims complaint that Meadows Apartments wrongly withheld personal property contrary to WIS. STAT. § 704.05(5) and WIS. ADMIN. CODE § ATCP 134.09(4). This issue requires an interpretation of law and the application of facts to the law. We review the issue de novo under the above standards.
¶12 Hart alleged in his complaint that he "inadvertently left behind (40) ties (neck) (2) belts hanging on (1) tie rack behind my bedroom door." Hart said in his opening statement (later adopted as a part of his testimony) that Meadows Apartments disposed of forty ties off the back of the bedroom door and that Meadows Apartments "agree[d] that they disposed of them," but that Meadows Apartments disagreed with Hart that it was responsible for the ties.
¶13 Hart marked an itemized list of his personal property as Exhibit 1. Exhibit 1 was never formally received into evidence by the trial court. In addition, Hart played a compact disc (CD) recording from his answering machine during the trial that was neither marked nor received into evidence, and a CD has been included in the appellate record. The trial court never referred to the CD or to Exhibit 1 in its decision. After trial the court rendered judgment against Hart. The trial court made the following findings in support of that judgment:
Now, in terms of the issue concerning the ties ... I understand that often things are left in apartments. There are times when it is obvious that certain property is abandoned and should be discarded. There are other times in a situation like this when a tie rack is seen behind a door and that there are ties on it. It is obvious to anyone that that is not abandoned property. And good landlord/tenant practice would require that at least an attempt was made through this phone number or through even mailing to the former address that the tenant left to see if [the personal property] would be forwarded. And good landlord/tenant management would indicate to hang on to those for a particular point of time. I say that and mean that in terms of a good business practice. But that's not the law. It's not required that [a landlord] perform that service to the tenant.
The court cannot find that the plaintiff, under the law, has met its burden as to the additional amount that is requested for the ties, which are listed as $1,768.80. (Emphasis added.)
¶14 We are mindful that this was a small claims action with both parties appearing pro se. On the other hand, we are unable to determine what was meant by "in a situation like this" related by the trial court in its findings and conclusions. Generally, it is the appellant's responsibility to ensure that the record is sufficient to facilitate appellate review. See Seltrecht v. Bremer, 214 Wis. 2d 110, 125, 571 N.W.2d 686 (Ct. App. 1997). Small claims trials are subject to the rules of civil procedure. WIS. STAT. § 799.04(1). In a trial to the court, "the court shall find the ultimate facts and state separately its conclusions of law thereon." WIS. STAT. § 805.17(2). "[T]he question of the sufficiency of the evidence to support the findings may be raised on appeal ...." Sec. 805.17(4).
¶15 We can read the trial court's decision as holding that while Meadows Apartments violated the "terms of a good business practice," under these facts Meadows Apartments was "not required [to] perform that service to the tenant" under the landlord/tenant law. The trial court's findings, however, appear to be consistent with and supportive of a claim for the wrongful disposition of Hart's personal property by a landlord as related in WIS. STAT. § 704.05(5) and WIS. ADMIN. CODE § ATCP 134.09(4).
¶16 While the application of the law to undisputed facts normally presents a question of law, we do not view the issue of a landlord's obligation to protect the personal property of a vacating tenant as a pure question of law. It is intertwined with the facts. When a trial court is required to make intertwined findings of fact and law, we give weight to the trial court's decision, even though the decision is not controlling. See Wassenaar v. Panos, 111 Wis. 2d 518, 525, 331 N.W.2d 357 (1983). We decline to decide the issue of law presented without giving the trial court an opportunity to apply the facts of the Hart situation to the landlord/tenant legal standards. We do so because Hart conceded that there was a dispute about the personal property claim and because we are uncertain what facts the trial court considered in denying Hart's personal property claim as a matter of law. We remand to allow the trial court an opportunity to further explain why Meadows Apartments' business practices are not contrary to the landlord/tenant law requiring the preservation of a tenant's personal property.
¶17 We can also read the trial court's decision as holding that Hart failed to meet the evidentiary burden of proving his property claim on the merits.[4] Findings of fact are the exclusive province of the trial court. "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." WIS. STAT. § 805.17(2). If Hart's claim is deemed cognizable under the landlord/tenant law, then whether Hart is entitled to recover damages and the amount of those damages is a matter for determination by the trial court.
¶18 In sum, we reverse the judgment as to the amount of damages for the wrongful withholding of part of Hart's security deposit and direct that the judgment be amended as provided above. In addition, we direct that the trial court determine the costs and reasonable attorney fees payable to Hart based upon his successful prosecution of the security deposit claim. Further, we reverse the judgment as to the denial of Hart's claim for personal property and remand that claim to the trial court for further proceedings consistent with this opinion.
By the Court.  Judgment reversed and cause remanded with directions.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2001-02). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] Both parties were pro se at the small claims trial. Meadows Apartments failed to file a timely responsive brief in this appeal. We accept the evidentiary facts as stated in the record and, to the extent consistent with the trial record, the facts stated in Hart's brief as being germane to this appeal.
[3] The trial court made a factual finding that under the lease agreement Meadows Apartments was entitled to deduct the following amounts from the security deposit: $15 for defrosting refrigerator; $10 for dishwasher cleaning; $15 for cabinet cleaning; $25 for oven cleaning; and $8 for four missing or damaged burner pans. Hart does not appeal from that finding.
[4] The number and value of the ties is an issue of damages that must be proven with reasonable certainty. See Wis. Natural Gas Co. v. Ford, Bacon & Davis Constr. Corp., 96 Wis. 2d 314, 334, 291 N.W.2d 825 (1980). Where the fact of damage is clear and certain, but the amount is a matter of uncertainty, the trial court has the discretion to fix a reasonable amount. Essock v. Mawhinney, 3 Wis. 2d 258, 269, 88 N.W.2d 659 (1958).