Richard PIERCE and Rhonda Pierce, Plaintiffs-Appellants,†

v.

Gary NORWICK and Susann Norwick, Defendants-Respondents.

Court of Appeals

*No. 96–0067. Submitted on briefs March 29, 1996.—Decided May 22, 1996.*

(Also reported in 550 N.W.2d 451.)

†Petition to review denied.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Suzanne Fischer Lorenz* of *Cramer, Multhauf & Hammes* of Waukesha.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Kimberly A. Theobald* of *Law Offices of Kimberly A. Theobald* of Waukesha.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

SNYDER, J.   Richard and Rhonda Pierce appeal from a judgment denying their motion to double their damages award before calculating the offset of damages awarded to Gary and Susann Norwick and awarding them reasonable attorney's fees as determined by the trial court, rather than the actual fees submitted by their attorney. On appeal, the Pierces make the following claims: (1) the jury's award of damages in the amount of $1000 should have been doubled pursuant to § 100.20(5), STATS., prior to calculating the offset of damages awarded to the Norwicks; and (2) their request for attorney's fees in the amount of

$14,806.25 pursuant to § 100.20(5) was reasonable given the extensive discovery that was performed and the important nature of the case. We conclude that the trial court correctly calculated the damages award and did not misuse its discretion in determining reasonable attorney's fees. Consequently, we affirm.

The Pierces rented a home from the Norwicks for one year. Under the terms of the lease, the Pierces were required to make monthly cash payments of $1000. In addition, as part of their monthly rent, the Pierces were to perform $200 worth of maintenance work on the premises each month. As required by the lease, the Pierces gave a $1000 security deposit to the Norwicks.

Near the end of their rental agreement, the Pierces notified the Norwicks that they would be vacating the premises approximately one month after the expiration of the lease. After holding over the additional month, the Pierces moved out of the residence.

Within twenty-one days, the Norwicks sent a letter to the Pierces stating that the $1000 security deposit would be withheld, showing a reconciliation of $1000 in unpaid rent and $2251.52 in additional damages.[1] The Pierces disputed those amounts and demanded that the Norwicks return the entire security deposit. After failing to reach a settlement, the Pierces filed a lawsuit alleging that the Norwicks had fraudulently withheld the security deposit. The Norwicks then sued the Pierces for the full amount of the unpaid rent and other alleged damages to the premises.

These two suits were consolidated and tried to a jury. Using a special verdict form, the jury concluded

---

[1] The Norwicks' claim for unpaid rent stemmed from the Pierces' alleged failure to perform the requisite $200 worth of maintenance work on the property for a period of five months during the term of the lease.

that: (1) the Norwicks intentionally misrepresented or falsified their claim for damages against the security deposit, (2) the Norwicks should have returned the entire $1000 security deposit to the Pierces, (3) the Pierces caused damage to the Norwick residence, and (4) the Pierces owed the Norwicks a total of $889 for unpaid rent and damages.

The Pierces then filed a motion after verdict seeking a double damages award, costs and attorney's fees of $14,806.25. The Norwicks filed a motion for judgment notwithstanding the verdict, requesting that the trial court reduce the amount of damages to $111. This was based on the offset of the total damages found of $889 against the $1000 security deposit which had been retained.

The trial court denied the Pierces' motion and granted the Norwicks' motion, finding that the award of the $1000 security deposit should be offset by the $889 damages award. The trial court concluded that $111 represented the Pierces' actual pecuniary loss. As required by statute, the pecuniary loss was then doubled and a judgment of $222 was entered against the Norwicks.

The trial court granted costs to the Pierces, but found that $14,806.25 in attorney's fees was unreasonable. The court calculated reasonable attorney's fees in this case to be $3875, approved costs of $1178.12 and awarded double damages of $222. Judgment was entered on behalf of the Pierces for $5275.12. This appeal followed.

## Award of Double Damages

This is a landlord-tenant case involving a violation of Wis. Adm. Code § ATCP 134.06(4)(b), which states, "No landlord may intentionally misrepresent or falsify

any claim against a security deposit, including the cost of repairs, or withhold any portion of a security deposit pursuant to an intentionally falsified claim." This section was promulgated pursuant to § 100.20(5), STATS., which provides in relevant part:

> Any person suffering pecuniary loss because of a violation by any other person of any order issued under this section may sue for damages therefor in any court of competent jurisdiction and shall recover *twice the amount of such pecuniary loss*, together with costs, including a reasonable attorney's fee. [Emphasis added.]

Resolving the first issue in this case involves interpreting § 100.20(5) to determine the proper method for the calculation of damages.

Statutory interpretation is a question of law which this court reviews independently without deference to the trial court's determination. *Rhonda R.D. v. Franklin R.D.*, 191 Wis. 2d 680, 703, 530 N.W.2d 34, 43 (Ct. App. 1995). We first examine the statutory language, and if it is unambiguous, our inquiry ends. *Id.*

A statute is ambiguous if reasonably well-informed persons may differ as to its meaning. *Id.* In such a case, we analyze the scope, history, context, subject matter and object of the statute to determine the intent of the legislature. *Id.* at 703-04, 530 N.W.2d at 43. We will favor a construction that fulfills the purpose of the act over one which defeats the manifest object of the statute. *Moonlight v. Boyce,* 125 Wis. 2d 298, 303, 372 N.W.2d 479, 483 (Ct. App. 1985).

■

We conclude that the statute is ambiguous. As is apparent from the parties' arguments, it is not clear whether the legislature intended the doubling of the pecuniary loss to occur before an offset for damages is applied or afterwards. In this case, the jury returned a special verdict requiring the Norwicks to return the entire security deposit to the Pierces, but also required the Pierces to pay the Norwicks $889 in damages. The trial court determined that it was the intent of the jury to award the Pierces $111 in damages, concluded that the $111 represented the Pierces' entire pecuniary loss and doubled this amount in awarding them double damages.

■

Case law has firmly established that the public policy behind § 100.20(5), STATS., is to provide an incentive for tenants to pursue their rights and act as "private attorney[s] general." *Armour v. Klecker,* 169 Wis. 2d 692, 699-701, 486 N.W.2d 563, 566 (Ct. App. 1992). The statute also seeks to discourage landlords from withholding security deposits except in the clearest of cases. *Id.* at 701, 486 N.W.2d at 566. The intent of the statute is to strengthen the bargaining power of tenants in dealing with landlords. *See id.* at 700, 486 N.W.2d at 566.

The administrative code provisions promulgated in response to § 100.20(5), STATS., also require a landlord to "deliver or mail to the tenant a written statement accounting for all amounts withheld." WIS. ADM. CODE § ATCP 134.06(4)(a). This must occur within twenty-one days after the tenant surrenders the property. *Id.* subsec. (2). While the jury determined that the Norwicks violated § ATCP 134.06(4)(b) (misrepresenting claims against a security deposit), it is

undisputed that the Norwicks complied with the twenty-one day notice requirement of subsec. (2).

The Pierces maintain that case law requires a determination that any violation of WIS. ADM. CODE § ATCP 134.06 results in an award of a pecuniary loss equal to twice the amount of the initial security deposit before any damages to the landlord are offset. They cite to *Paulik v. Coombs,* 120 Wis. 2d 431, 355 N.W.2d 357 (Ct. App. 1984), and *Moonlight* in support of their contention.

The court in *Moonlight* stated that a violation of the administrative code provisions for the return of a tenant's security deposit will result in a pecuniary loss equal to the amount of the security deposit, *regardless of the amount of damages the landlord may recover on a counterclaim. See Moonlight*, 125 Wis. 2d at 305-06, 372 N.W.2d at 484. This rule of calculation was first discussed in *Paulik*, 120 Wis. 2d at 440, 355 N.W.2d at 361, and then further refined in *Moonlight.*

There is, however, a significant factual difference between those two cases and the instant case. In both *Paulik* and *Moonlight*, the landlords failed to provide the tenants with a written statement accounting for the amounts withheld. *See Moonlight,* 125 Wis. 2d at 301, 372 N.W.2d at 482; *see also Paulik,* 120 Wis. 2d at 434, 355 N.W.2d at 358. This omission is a critical one.

The precedent established in *Moonlight*, 125 Wis. 2d at 305-06, 372 N.W.2d at 484, is not controlling in the present case. We conclude that the method of damages calculation outlined in *Moonlight* should be confined to those instances where a landlord retains a security deposit and fails to provide an itemization of damages, in violation of WIS. ADM. CODE § ATCP 134.06(2), (4)(a).

██

When a landlord complies with the notification requirement and provides a tenant with a written statement accounting for any amount withheld from the security deposit, a later determination that the landlord has violated WIS. ADM. CODE § ATCP 134.06(4)(b) and misrepresented or falsified damages claims will result in a doubling of only that pecuniary loss which remains after an offset for the landlord's actual damages has been included. This was the method of calculation applied in this case and we conclude that it was proper.

Furthermore, that method of calculation firmly adheres to the public policy of the statute. We note that such a rule should encourage disputing parties to reach a settlement and avoid protracted litigation. If a landlord is found to have fraudulently withheld most or all of a security deposit but has complied with the notification requirement, the resulting award may still approach or equal a doubling of the entire deposit. This protects the rights of tenants to bring these lawsuits, yet encourages landlords to give a fair and accurate accounting of any amount withheld from a security deposit.

Conversely, a landlord who retains a security deposit and fails to provide a tenant with an itemization of damages within the notification period has hindered any realistic settlement negotiations. In such a case, the doubling of the total amount withheld represents the tenant's actual damages. This will also discourage landlords from ignoring the clear requirements of notification found in WIS. ADM. CODE § ATCP 134.06(2).

*Attorney's Fees*

Section 100.20(5), STATS., requires the court to award a tenant reasonable attorney's fees where a landlord has violated the provisions of WIS. ADM. CODE § ATCP 134.06. In this case, the trial court found the Pierces' request for $14,806.25 in attorney's fees to be unreasonable.

■

Although the general rule is that a trial court's findings of fact will not be disturbed unless clearly erroneous, an exception to this rule exists with respect to a court's determination of the value of legal services. *Three & One Co. v. Geilfuss,* 178 Wis. 2d 400, 415, 504 N.W.2d 393, 399 (Ct. App. 1993). This is because the judges who review these appeals have expert knowledge as to the reasonable value for legal services. *Id.*

■

Among the factors to be considered by courts when determining attorney's fees are the amount and type of services rendered, the labor, time and trouble involved, the character and importance of the litigation, the professional skill and experience called for, the standing of the attorney, the general ability of the client to pay and the pecuniary benefit derived. *Touchett v. E Z Paintr Corp.,* 14 Wis. 2d 479, 488, 111 N.W.2d 419, 423 (1961).

The trial court examined the request for attorney's fees and costs and found "the amount of attorney fees requested to be extreme and totally out of proportion to the case in general and the trial results in particular." The court noted that the original request for attorney's fees was a listing of work done without any time breakdown. After the court requested a more detailed billing

statement, the plaintiff added amounts of time next to each entry.[2] The bill included an hourly rate of $125.

The trial court determined that the hourly rate of $125 was appropriate. It further noted that the recovery of reasonable attorney's fees is mandated by statute whenever a violation of this section occurs. The court stated that it was cognizant of the fact that an award of attorney's fees in a case such as this may well exceed the amount of double damages, and that such an award was included to encourage attorneys to undertake such claims.

Having noted all of the above, the trial court then explained:

> This is an unfortunate case. It does not exhibit anyone's best image. Adversary positions have been strenuously pursued in the face of more than ample opportunities to resolve the conflict . . . .
>
> . . . Based upon the final results, this court, absent the mandate of the fee shifting statute, would be unable to find any rationale for the award of any fees.

The trial court determined that compensation for a number of hours in preparation for trial and for the trial itself would be allowed. The court ruled that reasonable attorney's fees would include the preparation of pleadings (two hours), taking of depositions (ten hours), scheduling conference and motions (two hours), trial preparation (three hours) and fourteen hours devoted to the trial itself. The trial court totaled thirty-one hours of compensable time at $125 per hour and awarded attorney's fees of $3875.

---

[2] The court opined that these figures represented estimates of time spent.

We conclude that the court's determination of reasonable attorney's fees in this case reflected a rational, reasoned decision-making process. The trial court considered and applied a variety of factors in making its award. In sum, we affirm the trial court's award of reasonable attorney's fees and conclude that the calculation of double damages was proper under the facts of this case.

The Pierces include a request for appellate attorney's fees and cite to *Shands v. Castrovinci*, 115 Wis. 2d 352, 359, 340 N.W.2d 506, 509 (1983), in support of such an award. We are unpersuaded. The tenant in *Shands* was the prevailing party on appeal. *See id.* at 356, 340 N.W.2d at 508. Here, the Pierces have been unsuccessful on every issue they have raised to this court. We decline to award appellate attorney's fees or costs.

*By the Court.*—Judgment affirmed.