COURT OF APPEALS
DECISION
DATED AND FILED

November 19, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2020AP741**

**STATE OF WISCONSIN**

Cir. Ct. No. 2018SC1344

**IN COURT OF APPEALS
DISTRICT IV**

EUNICE L. POTEETE AND LARRY A. POTEETE,

   PLAINTIFFS-APPELLANTS,

   V.

NANCY WALES,

   DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Columbia County: TODD J. HEPLER, Judge. *Dismissed*.

¶1      BLANCHARD, J.[1]   Eunice and Larry Poteete (the tenants) appeal a March 2020 order of the circuit court in their action against Nancy Wales (the

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

landlord). The tenants' action primarily arose out of a dispute over the landlord's return, or failure to return, some or all of the tenants' security deposit. After a trial to the circuit court, the court issued an August 2019 order granting a judgment largely in the tenants' favor. The tenants filed a post-judgment motion seeking an amended judgment that would increase their damages on two grounds, which are the two arguments that they now attempt to renew on appeal: (1) the circuit court erred in making determinations about the timing of lease termination and about when the landlord learned that the tenants had vacated the unit; and (2) the court should have awarded the tenants their actual attorney fees and costs. The court denied the post-judgment motion in March 2020.

¶2 After the tenants initiated this appeal, this court issued an order identifying the need for the parties to address appellate jurisdiction. The order observed that the tenants had filed their notice of appeal from the March 2020 order only after the time to appeal the August 2019 order granting the judgment had expired. The order of this court explained that the timing of the notice of appeal may deprive this court of jurisdiction to consider the appeal. For this reason, the order directed the parties to make the threshold issue of jurisdiction the first topic in their appellate briefing. The tenants inexplicably failed to follow this order, but the landlord did follow it, submitting a facially valid argument that this court lacks jurisdiction.

¶3 I conclude under all of the circumstances that it is appropriate to deem the tenants to have forfeited their argument that this court has jurisdiction to address their appeal from the March 2020 order. Only in their reply brief do the tenants offer any jurisdictional argument, which comes too late to give the landlord a fair chance to address it, and even then the tenants' argument is underdeveloped. It would be unfair to the landlord to resolve the jurisdiction issue

2

without requesting further briefing from the landlord. Further, I conclude that it would be inappropriate under these circumstances to prolong this litigation for further briefing. Accordingly, I dismiss the appeal based on a lack of jurisdiction. I also explain below why, even if I were to address the jurisdiction issue, the tenants' apparent argument for jurisdiction is at a minimum incomplete.

¶4      By way of background, in 2011 the parties entered into a 6-month lease, and after it expired the tenancy became a month-to-month periodic tenancy. Shortly after the end of the tenancy in 2018, the tenants commenced this action. They alleged that the landlord was trying to retain too much of the security deposit and that she had not timely returned any of it. There was a hearing before a court commissioner, but what matters are pertinent events at a de novo hearing in the circuit court.

¶5      Regarding the timeliness of the security deposit's return, the parties disputed when the tenancy terminated and when the landlord learned that the tenants had vacated the unit. *See* WIS. ADMIN. CODE § ATCP 134.06(2) (through October 2020) (landlord "shall" return security deposit "within 21 days" of the following, depending on the order of events:  the tenancy's termination, the landlord learning that the tenants have vacated the premises, or the beginning of a new tenancy in the same premises). Under the tenants' apparent theory, the timing of the landlord's return of the remaining balance from the deposit, with an itemized accounting of what was withheld, affected the amount of damages that the tenants could recover based on security deposit issues. *See **Pierce v. Nowick***, 202 Wis. 2d 587, 596, 550 N.W.2d 451 (appropriate remedy when landlord improperly withholds portion of security deposit but timely provides notice of itemized bases for withholding is to double only the portions of security deposit determined to be improperly withheld; when landlord does not timely provide

notice of itemized damages, then appropriate remedy is to double the entire security deposit). In essence, the tenants appeared to make alternative claims: (1) they were entitled to double the whole deposit as damages because the landlord was tardy in notifying them of the remaining deposit balance, and (2) if not, they were at least entitled to double what the landlord allegedly wrongfully withheld.

¶6    The circuit court issued two orders noted above, which I now describe in greater detail.

*The First Order*

¶7    Following a trial to the court, in August 2019 the court made the following determinations, in what I refer to hereafter as "the first order":

- All of the landlord's counterclaims were dismissed.

- The landlord improperly withheld a portion of the security deposit, and only that portion should be doubled as damages. This followed from the court's application of WIS. STAT. § 704.19(2) to a finding that the tenancy terminated at the end of August 2018, which was after the landlord learned that the tenants had vacated the unit.

- The tenants are entitled to "reasonable attorney fees in the amount of $500." The court added that the parties could file objections to this ruling, "along with [a] brief or affidavit in support of the objection within 11 days of the issuance of this decision."

¶8    The first order did not contain language explicitly indicating that it was a final order for the purposes of appeal. *See Admiral Ins. Co. v. Paper Converting Mach. Co.*, 2012 WI 30, ¶29, 339 Wis. 2d 291, 811 N.W.2d 351 (referring to such language as a "finality statement").

¶9    I note that, on its face, the first order addressed and resolved both of the issues now raised on appeal by the tenants: the court determined the timing of

lease termination and the landlord's knowledge of the tenants' vacating the unit had vacated; and the court made an award of attorney fees and decided that no costs were appropriate. It is true that the first order gave the parties 11 days to file any objections they might have to the attorney fee award decided by the court. However, it is significant that it did not suggest that any aspect of the judgment was preliminary or that the court anticipated that its rulings would change based on any further input from the parties.

*The Second Order*

¶10 The tenants filed a motion to "Amend an Order" 10 days after the release of the first order. The tenants argued that the court erred in determining that the lease terminated at the end of August 2018 (they contended that the evidence showed that it had actually terminated on August 11, 2018) and that the landlord had learned that the tenants had vacated more than 21 days before she gave them notice that she planned to withhold portions of the security deposit. Based on this argument, the tenants requested that the security deposit damages be increased. The tenants further argued that the court should have awarded more than $500 in attorney fees, specifically requesting an award of $6,315 for what they alleged were their reasonable attorney fees and costs of $481.63. The tenants' apparent theory of recovery depends on the fee-shifting provision in WIS. STAT. § 100.20(5).[2]

---

[2] WISCONSIN ADMIN. CODE ch. ATCP 134 (through October 2020) provides that violations of that regulatory chapter, governing "residential rental practices," may be prosecuted under various provisions of WIS. STAT. ch. 100, and that "[a] person who suffers a monetary loss because of a violation of this chapter may sue the violator directly under [§ 100.20(5)], and may recover twice the amount of the loss, together with costs and reasonable attorneys' fees."

¶11    In March 2020, the circuit court issued what I refer to hereafter as "the second order." The 1-page second order denied the tenants' motion to amend the first order. It stated at the bottom: "THIS IS A FINAL ORDER FOR THE PURPOSE OF APPEAL." The second order characterized the tenants' motion as one to "reconsider its ruling and amend the order." The court further noted that the tenants' request for their full attorney fees and costs was more than ten times the amount of the security deposit ($675) and that the court had implicitly found in the first order "that the Tenant[s'] attorney fee request was not reasonable."

*The Appeal*

¶12    There is no dispute that the tenants purported to appeal only the second order and not the first order. The tenants filed their notice of appeal within 45 days of the court issuing the second order, but more than seven months after the first order. *See* WIS. STAT. § 808.04(1) (setting deadline to appeal final order or judgment).

¶13    Based on this timeline, this court issued an unambiguous order that identified a reason to question appellate jurisdiction. The court ordered the parties to "address, as the first issue in their appellate briefs, whether this court has jurisdiction to review the reconsideration motion." An explicit premise of this order was that the tenants' post-judgment motion to "amend" the first circuit court order was one for reconsideration. More specifically, it stated that this court might lack jurisdiction "to review the decision denying reconsideration if the motion for reconsideration presented the same issues as those determined in the August []2019 order." The order cited precedent that may apply under these circumstances. *See Silverton Enters., Inc. v. General Cas. Co.*, 143 Wis. 2d 661, 665, 422 N.W.2d 154 (Ct. App. 1988) ("No right of appeal exists from an order

6

denying a motion to reconsider which presents the same issues as those determined in the order or judgment sought to be reconsidered.").

¶14     With that background, I turn to the parties' approaches to the appellate jurisdiction issue.  Contrary to this court's order, the tenants' initial brief does not address in any manner the jurisdictional issue identified in the order—not as a first issue or any other issue.  The tenants' initial brief identifies only the following issues:  (1) whether the circuit court erred in calculating the appropriate amount of security-deposit-related damages based on the termination of the tenancy and the point in time at which the tenants vacated; and (2) whether the court erred in awarding $500 in attorney fees and no costs.

¶15     In compliance with this court's order, the landlord uses the first portion of the argument section in her response brief to contend that this court lacks jurisdiction because the circuit court's second order addressed the same issues as the first order.  I agree with the landlord that the issues addressed in the second order—which are the only issues that the tenants raise in their appeal—are the same as those addressed in the first order following a trial on those issues.  Further, I do not discern the tenants to develop an argument to the contrary.

¶16     For the first time in their reply brief, the tenants address the jurisdictional topic.  They provide no explanation for their failure to comply with this court's order.  Instead, in a puzzling approach, they act as though they *are* complying with the order by providing a first-time argument in the reply brief.

¶17     The tenants' tardy argument is that the first order was not final because it did not finally dispose of "all substantive issues as to one or more parties."  *See **Harder v. Pfitzinger***, 2004 WI 102, ¶15, 274 Wis. 2d 324, 682 N.W.2d 398.  The tenants argue that the issue of attorney fees was left unresolved

in the first order and was resolved only in the second order. *See* WIS. STAT. RULE 809.10(4) ("An appeal from a final judgment or final order brings before the court all prior nonfinal judgments, orders and rulings adverse to the appellant and favorable to the respondent"). The tenants also briefly note that the first order lacks a finality statement and the second order has one.

¶18 These arguments are underdeveloped. But I understand the thrust to be that the first order is non-final, or at least ambiguous as to finality, and that this renders the rule in *Silverton Enterprises* inapplicable because the tenants timely appealed the only clear final order as to all issues affecting any one of the parties. *See Wambolt v. West Bend Mut. Ins. Co.*, 2007 WI 35, ¶¶44-46, 299 Wis. 2d 723, 728 N.W.2d 670 (if a circuit court order does not contain a clear statement that it is a final order from which appeal may follow as a matter of right, then the order is to be liberally construed in favor of timely appeals; any ambiguity is resolved in favor of appellate jurisdiction). That is, the tenants appear to reject the premise of the order of this court—a premise that matched the circuit court's understanding as expressed in the second order—that their post-judgment motion was a motion to reconsider a final order.

¶19 However, the tenants have forfeited even their underdeveloped argument because they raise it for the first time on reply, depriving the landlord of the opportunity to address it. *See Turner v. Sanoski*, 2010 WI App 92, ¶12 n.6, 327 Wis. 2d 503, 787 N.W.2d 429 ("arguments made for the first time in a reply brief 'are in violation of the Rules of Appellate Procedure and will not be considered'" (quoted source omitted)). This tardiness is especially problematic because the order of this court directed the parties to address the jurisdiction topic, an obviously critical threshold issue, in their appellate briefing. *See* WIS. STAT. RULE 809.19(1)(b) and (e) (appellant's brief must contain statement of issues and

an argument section that addresses each of the issues presented). The tenants have failed to comply with this directive and in their reply brief do not acknowledge or seek to explain or justify this omission. While the tenants appear to take the position that this court's characterization of their motion as one for reconsideration was incorrect, it was incumbent on the tenants to make this point in their principal brief and to provide support for it.

¶20 I conclude that it would be unfair to the landlord for me now to resolve the issue of whether the first order was non-final or at least ambiguous as to finality, based on the appellate briefs of the parties. Given the specific nature of the tenants' forfeiture described above, as well as the general nature of this already protracted litigation, application of the rule of forfeiture is appropriate. The alternative, involving further briefing by the landlord, would represent additional resource drains for both the parties and this high-volume court.

¶21 This approach is merited in part because the tenants have presented a jurisdictional argument that is at best incomplete, in light of precedent not identified by the tenants. The precedent addresses the two aspects of the first order that the tenants argue render it nonfinal or perhaps ambiguous as to finality: the purported non-resolution of attorney fees and the absence of the finality statement. First, even if it could be said that the circuit court's award of $500 in attorney fees was somehow preliminary or contingent as expressed in the first order, "[l]ongstanding Wisconsin law provides that the pendency of a claim for attorney fees under a fee-shifting statute does not affect the finality of a judgment that disposes of the matter in litigation." *See Admiral Ins.*, 339 Wis. 2d 291, ¶33 & n.13; *but see id.*, ¶¶34-36 (noting in that case that finality of order rendering judgment was ambiguous because it was not clear if pending theory of recovering attorney fees not addressed in the order was pursuant to a fee-shifting statute).

¶22    Second, ***Admiral Insurance*** also makes clear that the absence of a "finality statement" in an order does not, in and of itself, create ambiguity as to that order's finality requiring that it be construed as nonfinal. *See **id.***, ¶29. Therefore, without more, the fact that the first order here does not have a finality statement does not render it ambiguous as to its finality in a way that supports the tenants' position that this court has jurisdiction. *See **id.*** ("The focus of the ambiguity inquiry is on the language of the order or judgment, not on the finality statement.").

¶23    Further, as noted above, the first order on its face appears to dispose of all the issues presented by the parties:  the order rendered a judgment in the tenants' favor that included double damages and attorney fees and rejected all of the landlord's counterclaims. *Cf. **id.***, ¶30 (observing that an order dismissing "this case" is facially final for the purposes of appeal).  True, it establishes a deadline for objection to the $500 attorney fees decision.  But the deadline for objections merely instructed the parties how they could, if they liked, object to what the court had unambiguously determined.  In sum, without the benefit of full briefing on this issue, which I conclude it would not be appropriate to order at this late date in this litigation, it is not clear that the tenants have demonstrated that the August 2019 order was not final even when it is liberally construed in their favor.

¶24    Having determined that it is appropriate under these circumstances to deem the tenants to have forfeited an argument that this court has jurisdiction to consider their appeal, I cannot address their arguments regarding the circuit court's calculation of damages and award of attorney fees.

*By the Court*.—Appeal dismissed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.