**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**January 30, 2024**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP440**

Cir. Ct. No. **2022SC8028**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

ANGELA DRAKE,

PLAINTIFF-RESPONDENT,

V.

LONNIE SLOCUM AND GRACEFUL LIVING LLC,

DEFENDANTS-APPELLANTS.

APPEAL from a judgment of the circuit court for Milwaukee County: CYNTHIA M. DAVIS, Judge. *Affirmed and cause remanded with directions*.

¶1 DONALD, P.J.[1] In this small claims action, Lonnie Slocum and Graceful Living LLC (collectively "Graceful Living" unless context requires

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

otherwise) appeal the judgment awarding Angela Drake double the amount of her security deposit, and costs and attorney fees. Graceful Living argues that the trial court should have dismissed Drake's case under the doctrine of claim preclusion or alternatively, should have granted it an adjournment. In lieu of an adjournment, Graceful Living asserts the trial court's award of attorney fees under WIS. STAT. § 100.20(5) "should either be reduced or remanded for further consideration." This court agrees that remand is appropriate but only insofar as it relates to Drake's request for reasonable attorney fees incurred in this appeal. This court disagrees with Graceful Living in all other regards and affirms.

## I. BACKGROUND[2]

¶2      Slocum is the sole owner of Graceful Living. Drake rented a residence owned by Graceful Living. In August of 2021, Graceful Living filed an eviction action against Drake in Milwaukee County Circuit Court Case No. 2021SC19641.[3]

¶3      Drake, represented by counsel, appeared at a hearing on October 21, 2021, to contest the eviction. Drake's counsel was prepared to argue that there was no outstanding balance due to overpayment from the Housing Authority of the

---

[2] The statement of facts in Slocum's brief consist of two paragraphs. Drake, in contrast, provides a detailed recitation of the applicable facts and procedural history spanning approximately seven pages in her response brief, some of which the court incorporates in this decision.

[3] Both parties discuss the eviction case in their briefs. This court can take judicial notice of proceedings in other cases insofar as they are germane to a determination of the issues. *See Swan Boulevard Dev. Corp. v. Cybulski*, 14 Wis. 2d 169, 171, 109 N.W.2d 671 (1961).

City of Milwaukee (HACM), which covered a portion of Drake's rent. Slocum failed to appear. As a result, the case was dismissed without prejudice.[4]

¶4      The trial court subsequently held a hearing on Slocum's motion to reopen.[5] The court denied the motion to reopen after concluding that Slocum had failed to provide any legal basis to support his position.

¶5      Two months later, in March of 2022, Drake filed the underlying action. Drake alleged that she moved out of the residence she rented from Graceful Living on September 30, 2021, and Graceful Living failed to return her full security deposit of $700 within twenty-one days of her move-out date, in violation of WIS. ADMIN. CODE § ATCP 134.06(2)(c) (Oct. 2021).[6] Drake claimed that under WIS. STAT. § 100.20(5), she was entitled to double damages,

---

[4] Graceful Living asserts that the parties settled the eviction case. This is a misleading representation as to what occurred.

[5] The trial court additionally ruled on Drake's motion to seal, which is not at issue on appeal.

[6] WISCONSIN ADMIN. CODE § ATCP 134.06(2)(c) (Oct. 2021) provides:

> (2) RETURNING SECURITY DEPOSITS. A landlord shall deliver or mail to a tenant the full amount of any security deposit paid by the tenant, less any amounts that may be withheld under sub. (3), within 21 days after any of the following:
>
> ….
>
> (c) If the tenant vacates the premises or is evicted after the termination date of the rental agreement, the date on which the landlord learns that the tenant has vacated the premises or has been removed from the premises under [WIS. STAT. §] 799.45(2).

All references to the Wisconsin Administrative Code are to the October 2021 register unless otherwise noted.

and court costs and reasonable attorney fees.[7]  Graceful Living, by counsel, appeared at the return date, and the case was set for a contested evidentiary hearing.

¶6      Following the evidentiary hearing where a court commissioner awarded Drake $35 plus costs, she filed a timely demand for a trial *de novo*.  In advance of trial, Graceful Living moved the court to dismiss the case on grounds that Drake's claims were barred under the doctrines of claim and issue preclusion.

¶7      On the day of the court trial, Slocum failed to appear.  Counsel for Graceful Living informed the court that Slocum notified him a few days earlier that a friend had died, and counsel requested an adjournment.  Counsel acknowledged that prior to the trial date, he did not attempt to notify either the court or opposing counsel that Slocum would be unavailable.

¶8      In addition to requesting an adjournment, counsel requested that the trial court rule on Graceful Living's motion to dismiss.  Counsel argued that claim preclusion applied to bar Drake's case.  The trial court disagreed and denied the motion, explaining:

> This would be different if that prior case had been dismissed with prejudice.  But it wasn't, it was dismissed without prejudice after [Slocum] doesn't show up.  And there was no actual litigation related to any of the issues.  So, there's no final judgment on the merits of that case. I'm not finding that claim preclusion … appl[ies] in this case.

---

[7] WISCONSIN ADMIN. CODE ch. ATCP 134 was adopted under the authority of WIS. STAT. § 100.20 and it "applies to the rental of dwelling units located in this state," subject to exceptions not relevant to this appeal.  *See* WIS. ADMIN. CODE § ATCP 134.01.

4

¶9    The trial court then addressed the adjournment motion. Counsel informed the court he did not notify anyone because "[y]ou know, we would have had to come here anyway." The court disagreed with this statement, responding, "that's not true…. [T]his court's practice if there's a stipulation to adjourn, I wouldn't have made you all come in today." The court denied the motion but held the case open for five minutes so that the parties could discuss settlement.

¶10    When the case was recalled, Graceful Living's counsel advised the trial court that the parties did not reach an agreement. Drake requested a default judgment of $1400 (representing double the amount of her security deposit), costs, and attorney fees of $7,500. Graceful Living's counsel objected and asked that the court let opposing counsel "prove his case."

¶11    The trial proceeded without Slocum. Drake and her mother both testified. Drake testified that she moved out of the residence on September 30, 2021, to live with her mom. She additionally testified to the difficulty of returning the key to Slocum after she physically moved out of the property. Drake testified that the amount of the security deposit was $700. She stated that no portion of her security deposit was returned to her, nor did she receive any correspondence relating to the security deposit. Drake's mother testified and corroborated that Drake moved in with her on September 30, 2021.

¶12    In arriving at its decision, the trial court explained, "I do find the testimony of Ms. Drake to be credible. I don't have any reason to doubt her credibility." The court specifically found that Drake paid a $700 security deposit and that she had vacated the premises by September 30, 2021. The court proceeded to award $1400, based on doubling the amount of the security deposit before calculating any damages proved by Graceful Living. *See* WIS. ADMIN.

CODE § ATCP 134.06. The court then found that Drake owed the September 2021 portion of her rent, $289, less the outstanding credit of $15. Consequently, the court held Slocum liable for $1,126 under § ATCP 134.06. The court additionally awarded Drake her costs and $7,500 in attorney fees, reflecting a rate of $250 per hour for thirty hours. This appeal follows.

## II. DISCUSSION

### A. The doctrine of claim preclusion does not apply.

¶13 Graceful Living contends that the trial court should have dismissed the underlying action based on claim preclusion. Whether claim preclusion applies is a question of law this court reviews *de novo*. ***State v. Miller***, 2004 WI App 117, ¶25, 274 Wis. 2d 471, 683 N.W.2d 485.

¶14 Our supreme court has explained application of the doctrine of claim preclusion as follows:

> The doctrine of claim preclusion provides that a final judgment on the merits in one action bars parties from relitigating any claim that arises out of the same relevant facts, transactions, or occurrences. When the doctrine of claim preclusion is applied, a final judgment on the merits will ordinarily bar all matters which were litigated or which might have been litigated in the former proceedings.

***Kruckenberg v. Harvey***, 2005 WI 43, ¶19, 279 Wis. 2d 520, 694 N.W.2d 879 (two sets of quotation marks and footnotes omitted). Three elements must be present before we will apply claim preclusion to bar an action: "(1) an identity between the parties or their privies in the prior and present lawsuits; (2) an identity of the causes of action in the two lawsuits; and (3) *a final judgment on the merits in a court of competent jurisdiction*." ***Teske v. Wilson Mut. Ins. Co.***, 2019 WI 62, ¶25, 387 Wis. 2d 213, 928 N.W.2d 555 (emphasis added).

¶15    This court focuses on the third element because it is dispositive. Claim preclusion does not apply where the prior action is dismissed "without prejudice, meaning that no decision on the merits had been made[.]" *See Miller*, 274 Wis. 2d 471, ¶27.   Graceful Living's eviction case was dismissed without prejudice.  As such, the trial court in this action properly recognized that dismissal without prejudice meant that no actual litigation as to the issues occurred.  Claim preclusion does not apply to these facts.[8]

¶16    Insofar as Graceful Living argues that "[t]he issue of Drake's security deposit *might* have been litigated [in the eviction case] therefore claim preclusion should still apply," this argument puts the cart before the horse. (Emphasis added.)  Even if it is true that the security deposit issue might have been litigated in the eviction case, and this court is not deciding that it is, a final judgment on the merits is required for the bar to apply.[9]  Without a final judgment on the merits, Graceful Living's claim preclusion argument fails.

---

[8] Graceful Living seemingly suggests that the eviction case was mishandled, arguing: "The trial court may have ordered the case dismissed without prejudice but that is not how the case was handled in subsequent proceedings."  If Graceful Living believed there were issues with the trial court's resolution of the eviction case, it should have pursued relief in the context of that case.

[9] Drake argues that, contrary to Graceful Living's assertions, she did not have a legal basis for a claim regarding her security deposit until after the twenty-one-day window granted by WIS. ADMIN. CODE § ATCP 134.06(2)(c) expired.  She contends that the window expired on October 21, 2021, the same day the eviction case was dismissed without prejudice.  Because this court affirms the trial court's ruling based on the lack of a final judgment on the merits, there is no need to address Drake's alternate ground for affirming. *See Turner v. Taylor*, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 ("As one sufficient ground for support of the judgment has been declared, there is no need to discuss the others urged." (Citation omitted.)).

**B. The trial court properly exercised its discretion when it denied Graceful Living's request for an adjournment.**

¶17    Alternatively, Graceful Living argues that the trial court should have granted its request for an adjournment on the day trial was to begin.  This court reviews a circuit court's decision to grant or deny an adjournment/continuance of a trial for an erroneous exercise of discretion.  *See* ***Rechsteiner v. Hazelden***, 2008 WI 97, ¶28, 313 Wis. 2d 542, 753 N.W.2d 496.

¶18    Wisconsin law sets forth several factors that are balanced in the discretionary decision of whether to grant a continuance, including but not limited to the length of the delay requested; whether other continuances had been requested and received; the convenience or inconvenience to the parties, witnesses, and the court; and whether the delay seems to be for legitimate reasons. *Id.*, ¶93.  "It is well established in Wisconsin that a continuance is not a matter of right." *Id.*, ¶92 (citation omitted).

¶19    Graceful Living offers only a conclusory application of the ***Rechsteiner*** factors to the facts of this case, which are largely unsupported by record citations.  *See* WIS. STAT. RULE 809.19(1)(e) (an appellant must support his or her arguments "with citations to the … parts of the record relied on").  Moreover, Graceful Living's analysis as to how the trial court came to its decision is virtually nonexistent.

¶20    A review of the record reveals that the trial court properly exercised its discretion when it denied Graceful Living's request for an adjournment.  The court noted that counsel failed to reach out to either Drake or the court earlier, which would have allowed the court to schedule other hearings.  The court commented on "how clogged the small claims calendar is," that "these are trials

that [s]mall [c]laims parties have had to wait months [for]," and that there previously was a request to adjourn the case, which was granted off the record. The court noted that "[counsel] would have known from that that the court would agree to do these things off the record." After accounting for Drake's position, which was a desire to proceed with the trial, the lack of documentation confirming Slocum's excuse, and the lack of notice to the court and Drake, the court properly exercised its discretion to deny the motion.

¶21 This court notes in passing that Graceful Living's perfunctory attempt to liken the facts in this case to those in *Fredrickson vs. Louisville Ladder Co.*, 52 Wis. 2d 776, 191 N.W.2d 193 (1971), falls short. In *Fredrickson*, the court allowed an adjournment so that a surprise witness could be allowed to testify. *Id.* at 784. Graceful Living contends that "a surprise witness is similar to a surprise funeral in that there is no notice in either case and an inability to timely ask for an adjournment." This court is not persuaded that a funeral, which Graceful Living knew about days before the trial, is akin to the surprise witness in *Fredrickson*.

### C. The trial court properly exercised its discretion in determining Drake's attorney fees.

¶22 Lastly, this court turns to the issue of attorney fees. Graceful Living contends that the award of $7,500 in attorney fees is too high because "the issues were not complex and no great amount of professional skill or experience was required." Additionally, Graceful Living asserts "[t]here was no unique

importance to the litigation" and "there was no evidence that [Drake's counsel] ever charged a client $250 per hour[.]"[10]

¶23 WISCONSIN STAT. § 100.20(5) dictates that once a tenant demonstrates that he or she suffered a pecuniary loss because of a violation by his or her landlord, the tenant "shall recover twice the amount of such pecuniary loss, together with costs, including a reasonable attorney fee." *See also* ***Armour v. Klecker***, 169 Wis. 2d 692, 698, 486 N.W.2d 563 (Ct. App. 1992) ("[I]f a court determines that a landlord has violated [WIS. ADMIN. CODE ch. ATCP 134], it is required under the plain unambiguous language of [§ 100.20(5)] to award double damages and attorney fees."). When the reasonableness of a trial court's award of attorney fees awarded under a fee-shifting statute is challenged on appeal, this court affirms unless the court erroneously exercised its discretion. *See* ***Kolupar v. Wilde Pontiac Cadillac, Inc.***, 2004 WI 112, ¶22, 275 Wis. 2d 1, 683 N.W.2d 58.

¶24 A court properly exercises its discretion when it employs a logical rationale based on correct legal principles and the facts of record. ***Id.*** This court has explained:

> Among the factors to be considered by courts when determining attorney[] fees are the amount and type of services rendered, the labor, time and trouble involved, the character and importance of the litigation, the professional skill and experience called for, the standing of the attorney, the general ability of the client to pay and the pecuniary benefit derived.

***Pierce v. Norwick***, 202 Wis. 2d 587, 597, 550 N.W.2d 451 (Ct. App. 1996).

---

[10] At all times during this action, Drake was represented by Legal Action of Wisconsin, Inc., a public interest legal services organization.

¶25   Here, in arriving at its award of attorney fees, the trial court considered:  the factors articulated in *Pierce*; an affidavit submitted by Drake's counsel relating to his hourly rate of $250, a rate that was awarded in another Milwaukee County case; an exhibit detailing the amount of work Drake's counsel did in preparation for the case; an affidavit from the supervisor of Drake's counsel substantiating that counsel's hourly rate is $250; and Drake's counsel's request for approximately half of the full amount of time he worked on the case.  The record reflects that the court used the correct legal principles and relied on facts in the record to arrive at $7,500.

¶26   The only remaining issue is that of appellate attorney fees.  Drake claims she is entitled to reasonable attorney fees incurred on appeal.  Graceful Living did not address Drake's request for reasonable attorney fees incurred on appeal in its reply brief; consequently, we remand for a hearing before the trial court to determine what amount of attorney fees should be awarded.  *See Shands v. Castrovinci*, 115 Wis. 2d 352, 359, 340 N.W.2d 506 (1983) (holding that a tenant who prevails on appeal is entitled to reasonable appellate attorney fees under WIS. STAT. § 100.20(5)).

*By the Court.*—Judgment affirmed and cause remanded with directions.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.