# COURT OF APPEALS
# DECISION
# DATED AND FILED

## May 2, 2024

Samuel A. Christensen
Clerk of Court of Appeals

### NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP990**

STATE OF WISCONSIN

Cir. Ct. No. **2022SC4967**

IN COURT OF APPEALS
DISTRICT IV

DUANE CRANDALL,

    PLAINTIFF-APPELLANT,

V.

TED SAUER,

    DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Dane County: RHONDA L. LANFORD, Judge. *Reversed in part and cause remanded with instructions*.

¶1 TAYLOR, J.[1] Duane Crandall brought a small claims action against Ted Sauer ("Ted") alleging that Ted violated WIS. ADMIN. CODE § ATCP 134.06

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

(Dec. 2023) by withholding Crandall's security deposit without providing a timely itemization of damages.[2] The circuit court determined that Ted violated § ATCP 134.06 and awarded Crandall double damages, costs, and $300 in "statutory attorney fees." On appeal, Crandall argues that the circuit court erroneously limited him to statutory attorney fees because he is entitled to a "reasonable attorney fee" under WIS. STAT. § 100.20(5). I agree. Accordingly, I reverse that portion of the order of the circuit court and remand with instructions to determine Crandall's reasonable attorney fees pursuant to § 100.20(5).

## BACKGROUND

¶2 There is no dispute as to the following material facts.

¶3 Beginning in 2013, Crandall rented an apartment from Ted, provided a $745 security deposit, and had a year-to-year periodic tenancy. On May 2, 2022, Ted learned that Crandall had recently moved out of the apartment. On May 21, 2022, Ted sent Crandall a letter stating that Crandall's security deposit was being withheld and that Crandall would be receiving an itemization of damages to the apartment at some point in the future. On June 16, 2022, Ted sent Crandall a partial itemization of damages totaling $751, which exceeded Crandall's $745 security deposit, and stated that Crandall should expect a "final damage statement" by July 15, 2022. A final itemization of damages was mailed to Crandall on

---

[2] All references to the Wisconsin Administrative Code are to the December 2023 register date unless otherwise noted.

Additionally, this opinion mentions both Ted Sauer and his wife Lisa Sauer. For clarity, I will refer to each using their first name or "the Sauers" when I refer to them jointly.

September 11, 2022, indicating that total damages exceeded Crandall's security deposit by $878.28.

¶4     Crandall filed a small claims action alleging that Ted violated WIS. ADMIN. CODE § ATCP 134.06 by withholding his security deposit without providing an itemized statement of damages within 21 days of the day Crandall surrendered the apartment.[3]     Crandall sought double damages, costs, and reasonable attorney fees pursuant to WIS. STAT. § 100.20(5).

¶5     In Ted's Amended Answer to the complaint, he alleged that Crandall moved out on May 2, 2022 without paying rent for the month of May and without providing written notice terminating his tenancy.  Ted argued that, pursuant to WIS. STAT. § 704.19(3), Crandall's tenancy terminated 28 days later on May 30,

---

[3]  WISCONSIN ADMIN. CODE § ATCP 134.06 provides in relevant part:

> (2) RETURNING SECURITY DEPOSITS.  A landlord shall deliver or mail to a tenant the full amount of any security deposit paid by the tenant, less any amounts that may be withheld under sub. (3), within 21 days after any of the following: ….
>
> (b) If the tenant vacates the premises or is evicted before termination date of the rental agreement, the date on which the tenant's rental agreement terminates[.]
>
> .…
>
> (4) SECURITY DEPOSIT WITHHOLDING; STATEMENT OF CLAIMS.
>
> (a) If any portion of a security deposit is withheld by a landlord, the landlord shall, within the time period and in the manner specified under sub. (2), deliver or mail to the tenant a written statement accounting for all amounts withheld.

2022.[4] According to Ted, because May 30 was the start of the 21-day period for providing itemized damages under WIS. ADMIN. CODE § ATCP 134.06, the June 16 letter partially itemizing damages was timely. Ted also filed a counterclaim for $878.28, the amount of damages he alleges exceeded Crandall's $745 security deposit.

¶6 The case was heard by a court commissioner who dismissed Crandall's claims and ruled in favor of Ted on his counterclaim. Crandall demanded a trial before the Dane County Circuit Court. *See* WIS. STAT. § 799.207(3).

¶7 At the trial, the circuit court heard testimony from Lisa Sauer, Ted's wife and the co-owner and administrator of the property at issue. Lisa testified that she learned on May 7, 2022 that Crandall had vacated the apartment after Ted had received a text from Crandall indicating that he moved out on May 2, 2022. Lisa also testified that she and Ted entered the apartment on May 9, 2022 and discovered damages. Lisa testified that on May 21, 2022, she texted a notice to Crandall that his security deposit was being withheld because of damages to the apartment; that on June 16, 2022, she forwarded a letter to Crandall with a partial itemization of damages; and that on September 11, 2022, she forwarded a letter to Crandall itemizing the remaining damages. Lisa also acknowledged that the

---

[4] WISCONSIN. STAT. § 704,19(3) provides:

> LENGTH OF NOTICE. At least 28 days' notice must be given except in the following cases: If rent is payable on a basis less than monthly, notice at least equal to the rent-paying period is sufficient; all agricultural tenancies from year-to-year require at least 90 days' notice.

Sauers had not provided an itemization of damages to Crandall within twenty-one days of May 9, 2022.

¶8     Based on Lisa's testimony, the circuit court determined that Ted had violated WIS. ADMIN. CODE § ATCP 134.06.  The court explained that WIS. STAT. § 704.19(2)(a)2. provides that a tenant may terminate a periodic tenancy without written notice if the tenant has effected a surrender of the premises.[5]  The court reasoned that Ted knew that Crandall had surrendered the apartment no later than May 9, and that, pursuant to § ATCP 134.06, Ted had 21 days from May 9 to either return Crandall's security deposit or withhold some or all of the security deposit based upon providing an itemization of damages to Crandall.  Because the June 16 letter containing a partial itemization of damages was sent after the 21-day deadline, the court entered judgment in favor of Crandall for "double damages of the security deposit and cost[s] and fees."

¶9     Crandall subsequently submitted to the circuit court a proposed order for $1,490 in damages, $377.71 in costs, and $4,240.09 in "reasonable attorney fees" pursuant to WIS. STAT. § 100.20(5).  The court declined this proposed order, stating:  "Statutory attorneys fees are limited to $300 in this type of action.  Please

---

[5] WISCONSIN STAT. § 704.19(2)(a)2. provides:

> (2)  REQUIREMENT OF NOTICE.
>
> (a)  A periodic tenancy or a tenancy at will can be terminated by either the landlord or the tenant only by giving to the other party written notice complying with this section, unless any of the following conditions is met:
>
> .…
>
> 2. Termination has been effected by a surrender of the premises.

5

refile." Crandall filed a motion for reconsideration, asking the court to award "reasonable attorney fees" pursuant to § 100.20(5). The court denied Crandall's motion, writing on the declined order to "[p]lease submit bill of costs for $300 attorneys fees." Crandall submitted an amended order for damages, costs, and $300 in attorney fees, and the court signed the order. Crandall appeals the part of the order awarding attorney fees.

## DISCUSSION

### I. Standard of Review.

¶10 This case requires interpretation of statutes and administrative regulations. The interpretation and application of statutes and administrative regulations are questions of law that I review de novo. *DOR v. Menasha Corp.*, 2008 WI 88, ¶44, 311 Wis. 2d 579, 754 N.W.2d 95.

¶11 I interpret administrative regulations and statutes using the same principles of interpretation. *Id.*, ¶45. Hence, I start with the language of the statute or regulation. *Williams v. Integrated Cmty. Servs., Inc.*, 2007 WI App 159, ¶12, 303 Wis. 2d 697, 736 N.W.2d 226. If the meaning of the statute or regulation is plain and unambiguous, I end the inquiry. *Id.*

### II. Crandall is Entitled to Reasonable Attorney Fees.

¶12 On appeal, Crandall argues that the circuit court erroneously capped his attorney fees award at $300. For the following reasons, I agree.

¶13 As an initial matter, Ted's pro se response brief on appeal does not meaningfully respond to any of Crandall's arguments regarding the circuit court's award of attorney fees. Although this court may grant pro se litigants some

leniency, this court has explained that pro se litigants are generally bound to the same appellate rules as attorneys. *Waushara County v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992). Self-representation is not a license to avoid or ignore the relevant procedural and substantive law. *Id.*

¶14    Here, Ted's short brief only mentions Crandall's arguments in a heading that states: "The Trial Court was Correct in limiting attorney fees to the statutory provisions in a Trial de Novo court." Ted does not elaborate on this conclusory argument, nor does he include any citations to legal authority in support of this argument. I will not consider Ted's undeveloped argument. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (this court may decline to address arguments that are undeveloped and are not supported by references to legal authority); *see also* WIS. STAT. RULE 809.19(1)(e), (3) (a respondent's brief must contain an argument that includes "the contention of the [respondent], the reasons therefor, with citations to the authorities, statutes and parts of the record relied on"). To the extent that Ted's brief contains any argument, he appears to argue that the circuit court should have granted his counterclaim. Not only is this argument undeveloped and lacking in citations to legal authority, *see Pettit*, 171 Wis. 2d at 646-47, but Ted also failed to cross-appeal the circuit court's order, *see* WIS. STAT. RULE 809.10(2)(b) (requiring a respondent who seeks a modification of the judgment or order to file a cross-appeal). This court generally declines to address issues raised by a respondent that were required to be raised in a cross-appeal, and I do so here. *Borntreger v. Smith*, 2012 WI App 35, ¶20, 340 Wis. 2d 474, 811 N.W.2d 447.

¶15    Notwithstanding the deficiencies in Ted's brief, I conclude that Crandall is entitled to reasonable attorney fees as a matter of law. I begin by considering WIS. STAT. § 100.20, which generally prohibits "[u]nfair methods of

competition in business and unfair trade practices in business[.]" Sec. 100.20(1). As a way to enforce this prohibition on unfair practices in business and trade, § 100.20(5) allows individuals to sue for violations of administrative regulations promulgated pursuant to § 100.20(5):

> Any person suffering pecuniary loss because of a violation by any other person of … any order issued under this section may sue for damages therefor in any court of competent jurisdiction and shall recover twice the amount of such pecuniary loss, together with costs, including a reasonable attorney fee.

¶16 One of the legislature's goals in enacting WIS. STAT. § 100.20(5) was to strengthen the bargaining power of tenants when interacting with landlords. *Pierce v. Norwick*, 202 Wis. 2d 587, 594, 550 N.W.2d 451 (Ct. App. 1996). Section 100.20(5) achieves this goal in several ways. First, § 100.20(5) authorizes injured tenants to recover double damages and reasonable attorney fees, thereby encouraging tenants to enforce their legal rights under the administrative regulations. *Shands v. Castrovinci*, 115 Wis. 2d 352, 358, 340 N.W.2d 506 (1983). The availability of these damages is especially significant in disputes between landlords and tenants where the anticipated monetary recovery would not ordinarily justify the expense of a legal action. *Id.* Second, § 100.20(5) authorizes tenants to act as "private attorney[s] general," enforcing the rights of all tenants as set forth in the administrative regulations. *Id.* Finally, by allowing a private enforcement mechanism for the administrative regulations, § 100.20(5) provides a necessary backup to the state's power to enforce the public's rights in residential housing, a field where "the sheer number of violations prevent[s] [the state] from proceeding against all violators." *Id.*

¶17 As noted above, the circuit court in this case determined that Ted violated WIS. ADMIN. CODE § ATCP 134.06 by withholding Crandall's security

8

deposit without providing an itemization of damages within 21 days of Crandall's surrender of the apartment. Section ATCP 134.06 is one of several administrative regulations promulgated by the Department of Agriculture, Trade, and Consumer Protection ("DATCP") under WIS. STAT. § 100.20 to protect residential tenants. *State v. Lasecki*, 2020 WI App 36, ¶20, 392 Wis. 2d 807, 946 N.W.2d 137. Indeed, security deposit disputes—such as the one between Crandall and Ted— were one of DATCP's primary concerns when promulgating these regulations. *Id.* For these reasons, Wisconsin case law establishes that a tenant who prevails in an action against a landlord for a violation of the security deposit procedures under WIS. ADMIN. CODE § ATCP 134.06 may recover double damages, costs, and reasonable attorney fees pursuant to § 100.20(5). *See, e.g.*, *id.*, ¶41 (quoting the prefatory note to ch. ATCP 134, which states "[t]his chapter is adopted under authority of [WIS. STAT. §] 100.20(2), and is administered by [DATCP].… A person who suffers a monetary loss because of a violation of this chapter may sue the violator directly under [§] 100.20(5), and may recover twice the amount of the loss, together with costs and reasonable attorneys' fees."); *Shands*, 115 Wis. 2d at 357; *Pierce*, 202 Wis. 2d 587 at 592-93, 597; *Armour v. Klecker*, 169 Wis. 2d 692, 698, 486 N.W.2d 563 (Ct. App. 1992). There is no dollar amount limit on what a plaintiff may recover as a "reasonable attorney fee" under § 100.20(5).

¶18 In the present case, Crandall specifically referenced WIS. STAT. § 100.20(5) in his complaint, and his request for relief included double damages, costs, and reasonable attorney fees. Crandall again referenced § 100.20(5) in his motion for reconsideration, explaining why he was entitled to reasonable attorney fees under that statute. Because the circuit court determined that Ted violated WIS. ADMIN. CODE § ATCP 134.06, Crandall suffered a pecuniary loss as a result of that violation. The circuit court correctly ordered double damages and costs.

Most importantly here, Crandall is also entitled to reasonable attorney fees. Sec. 100.20(5).

¶19 It appears that the circuit court, in concluding that Crandall was entitled to $300 in attorney fees, was relying on WIS. STAT. § 799.25, which allows a party to recover attorney fees in a small claims action "as provided in [WIS. STAT. §] 814.04(1) and (6), except if the amount of attorney fees is otherwise specified by statute." Sec. 799.25(10)(a). Section 814.04(1) in turn allows a party to recover $300 in attorney fees if the party is awarded damages of more than $1,000, but less than $10,000, a range in which Crandall's damage award falls. Sec. 814.04(1)(a). However, as Crandall correctly points out, the $300 limit on attorney fees under § 814.04(1)(a) does not apply to small claims actions if the amount of attorney fees is "otherwise specified by statute." Sec. 799.25(10)(a). As explained above, WIS. STAT. § 100.20(5) provides that a party may recover "reasonable attorney fee[s]" for a violation of "any order issued under this section," including violations of WIS. ADMIN. CODE § ATCP 134.06. *See Pierce*, 202 Wis. 2d at 597 ("Section 100.20(5) … requires the court to award a tenant reasonable attorney's fees where a landlord has violated the provisions of … § ATCP 134.06."). Hence, I conclude that Crandall is entitled to a "reasonable attorney fee" pursuant to § 100.20(5).

## CONCLUSION

¶20 For the foregoing reasons, I reverse the portion of the circuit court's order limiting Crandall's attorney fee award to $300, and remand with instructions to determine Crandall's reasonable attorney fees pursuant to WIS. STAT. § 100.20(5).

*By the Court.*—Order reversed in part and cause remanded with instructions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.